PEOPLE v SAUNDERS

1. RAPE—SEXUAL DELINQUENCY—JURY.

The same jury may decide both defendant's guilt of assault with intent to rape and whether or not the defendant was a sexually delinquent person, under a statute that provides for a more severe penalty if defendant is found to be sexually delinquent, even though the jury must necessarily take into account the actions of the defendant of which they have just convicted him in deciding on his sexual delinquency (MCLA 750.85).

2. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE—STATUTES.

A sentence of one day to life is invalid, even though authorized by the statute punishing a particular crime, where a subsequently amended general statute provides that no valid sentence can be made in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence (MCLA 750.85, 769.9).

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 May 10, 1972, at Lansing. (Docket No. 10966.) Decided July 27, 1972. Leave to appeal denied, 389 Mich 753.

James L. Saunders was convicted of assault with intent to rape while being a sexually delinquent person. Defendant appeals. Remanded for resentencing.

*Bahls & Preisel,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and T. M. BURNS and TARGONSKI,* JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 584–586.

47 Am Jur 2d, Jury §§ 47, 50.

[2] 21 Am Jur 2d, Criminal Law §§ 540–614.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Defendant was convicted by a jury of assault with intent to rape and that defendant was, at the time of the offense, a sexually delinquent person. He was sentenced to a term of one day to life in prison and brings this appeal as of right.

At the time defendant was arrested, he was given his rights after which he gave two statements. Both statements were read into the record without objection. Defendant now contends, however, that the court erred in allowing the first statement to be admitted because it relates to the previous commission of another crime. The pertinent part of the statement in question is as follows:

"*Q.* Have you ever been arrested before for any such acts with young children?
"*A.* Yes, in Imlay City.
"*Q.* On what charge?
"*A.* Playing with a little boy's penis, and I was arrested by the sheriff's department."

Although there was no objection to the introduction of the above statement, the trial court expressed concern over its admission. The court then asked defense counsel if he would like a curative instruction. Defense counsel replied in the affirmative, and a very adequate instruction was given.

It is our opinion that the trial court went out of its way to cure the error allowed by defense counsel. Our reading of the instruction leads us to the conclusion that any prejudice which might have resulted from the admission of the statement was eliminated by the alertness and concern of the trial court. We find no merit in this issue.

Defendant next contends that it was error to allow the same jury that had convicted the defend-

ant of assault with intent to rape to decide whether or not defendant was a sexually delinquent person.

Defendant's position here is that since the jurors are obviously going to take into consideration the conviction they arrived at of assault with intent to commit rape, that defendant cannot possibly get an impartial trial on the question of whether or not he was a sexually delinquent person.

We find no merit in this contention. MCLA 750.85; MSA 28.280 provides for one offense, not two. It simply provides for a more severe penalty if defendant is found to be sexually delinquent. The jury can and must take into account the actions of the defendant to decide whether defendant is a sexually delinquent person. We therefore hold that no error was committed by the trial court in allowing the same jury to decide both defendant's guilt and whether or not the defendant was a sexually delinquent person.

Finally, defendant contends that the sentence imposed by the trial court is invalid. It is defendant's position that a sentence of one day to life violates MCLA 769.9; MSA 28.1081 which provides:

"The provisions of this chapter, relative to indeterminate sentences, shall not apply to any person convicted of an offense, the only punishment for which prescribed by law is imprisonment for life: Provided, That in all cases where the maximum sentence in the discretion of the court may be for life or any number of years, the court imposing the sentence shall fix both the minimum and maximum sentence. If the sentence so fixed by the court shall be for any number of years, it shall be the duty of the court to fix both the minimum and the maximum of such sentence in terms of years or fraction thereof, and sentences so imposed shall be considered indeterminate sentences. In no case can a valid sen-

tence be hereafter made in which the maximum penalty shall be life imprisonment with a minimum for a term of years included in the same sentence."

We agree with the defendant. Since MCLA 769.9, *supra,* became effective later[1] than MCLA 750.85, *supra,* the language in the later is controlling. Therefore, although MCLA 750.85 does appear to give the trial court the authority to sentence the defendant to a term of any years or fractions thereof to life, the provisions of the former is controlling. The cause must, therefore, be remanded to the trial court for resentencing in accordance with MCLA 769.9; MSA 28.1081.

---

[1] MCLA 750.85; MSA 28.280 was amended in 1952. MCLA 769.9; MSA 28.1081 was amended in 1957.