PEOPLE v WINFORD

INDICTMENT AND INFORMATION—INDECENT EXPOSURE—SEXUALLY DE-
LINQUENT PERSONS—SUPPLEMENTAL INFORMATION—STATUTES—
PROSECUTOR—SENTENCES.

A prosecutor has no authority to file a supplemental information
charging a defendant with being a sexually delinquent person
after the defendant has been convicted of indecent exposure;
only one information can be filed under the statute covering
indecent exposure and sexual delinquency because of indecent
exposure; a prosecutor may charge a person with indecent
exposure or additionally that at the time of the offense the
person was a sexually delinquent person, but cannot do both,
and a defendant cannot be subjected to two sentences under the
statute (MCLA 750.335a).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 December 3, 1974, at Grand Rapids. (Docket No. 19137.) Decided March 11, 1975. Leave to appeal applied for.

Leonard L. Winford was convicted of being a sexually delinquent person at the time of committing indecent exposure. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stanley Everett,* Prosecuting Attorney, and *Nicholas C. Batch,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
50 Am Jur 2d,.Lewdness, Indecency, and Obscenity §§ 30–32.
Criminal offense predicated upon indecent exposure. 93 ALR 996, s.
94 ALR2d 1353.

*Allen, Worth & Hatch* (by *E. Franklin Hill, Jr.*), for defendant on appeal.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

T. M. BURNS, P. J. Defendant Leonard Lewis Winford was originally charged with indecent exposure by a sexually delinquent person. MCLA 750.335a; MSA 28.567(1). A preliminary examination was held on March 16, 1973, following which defendant's motion to dismiss was denied, and the matter was adjourned until an expert witness could be provided on defendant's behalf.

On March 23, 1973, defendant moved to withdraw his request for appointment of an expert witness. Defendant was thereupon bound over to appear in Calhoun County Circuit Court on the charge of knowingly making an open and indecent exposure of his person. In so limiting its action, the court stated that it was leaving it up to the prosecutor to determine whether further proceedings would be taken relative to the question of defendant being a sexually delinquent person.

Defendant was arraigned in circuit court on April 18, 1973, on the charge of indecent exposure, MCLA 750.335a; MSA 28.567(1). The information made no reference to sexual delinquency. On June 12, 1973, trial was held before a jury, and defendant was convicted of indecent exposure.

On June 25, 1973, the prosecutor filed a supplemental information, charging defendant with being a sexually delinquent person at the time of the initial offense of indecent exposure. A motion to quash the information was filed by the defendant, argued on the day of the trial, and denied by the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trial court. Following this second trial, which took place on October 2 and 3, 1973, with a different judge presiding, a jury found defendant guilty of being a sexually delinquent person at the time of committing indecent exposure, March 1, 1973.

On November 9, 1973, defendant was sentenced to one year in the Calhoun County Jail due to his June 12, 1973, conviction of indecent exposure. On November 13, 1973, defendant was sentenced on the supplemental information as a sexually delinquent person to serve not less than one day nor more than life with the Department of Corrections. Defendant presently appeals as of right only his conviction as a sexually delinquent person and the indeterminate sentence he received on that charge. Thus, defendant's conviction of indecent exposure is not before us.

Although defendant has raised numerous issues on appeal, we consider one to be decisional and to mandate reversal, namely: whether the prosecutor could file a supplemental information charging the defendant with being a sexually delinquent person after the defendant was convicted of indecent exposure.

The prosecutor argues that MCLA 767.61a; MSA 28.1001(1) allows him to charge a defendant with being a sexually delinquent person in the same information that charges indecent exposure. By drawing an analogy to the habitual offender act, MCLA 769.10 *et seq.;* MSA 28.1082 *et seq.,* the prosecutor now urges this Court to hold that a defendant may also be charged as a sexually delinquent person in a supplemental information filed after conviction on the principal charge. This we cannot do since we are of the opinion that MCLA 767.61a; MSA 28.1001(1) has no application where, as here, the defendant is charged under MCLA 750.335a; MSA 28.567(1).

MCLA 750.335a; MSA 28.567(1) reads as follows:

"Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record."

This statute is complete and self-sustaining in its own terms and therefore MCLA 767.61a; MSA 28.1001(1) has no application here. We read the above-quoted provision to mean that only one information can be filed under the statute. In that information the prosecutor can charge a person with indecent exposure or he can charge additionally that at the time of the offense the person was a sexually delinquent person. He cannot do both, nor can a defendant be subjected to two sentences under the statute.

In the case at bar, defendant was charged with indecent exposure, convicted and sentenced accordingly. In view of our reading of the relevant statute, that was the only offense for which defendant could be convicted under the facts of this case. The proceedings at which defendant was found guilty of being a sexually delinquent person were totally infirm since the prosecutor had no authority to file the supplemental information under MCLA 750.335a; MSA 28.567(1). *A fortiori,* the indeterminate sentence defendant received on that charge was void.

Having resolved this issue in defendant's favor, we find it unnecessary to consider defendant's other assignments of error.

We reverse, therefore, defendant's conviction on the supplemental information and vacate his indeterminate sentence. The charge is dismissed since for the reasons stated defendant could not properly be proceeded against via a supplemental information.