PEOPLE v HELZER

1. CRIMINAL LAW—GROSS INDECENCY—SEXUALLY DELINQUENT PERSON
—PENALTIES—STATUTES.

A prosecutor may elect which of two penalties he seeks when he charges a defendant under a statute which deals with gross indecency and also with gross indecency while at the same time being a sexually delinquent person (MCLA 750.338; MSA 28.570).

2. CRIMINAL LAW—JURY—JURY SELECTION—PEREMPTORY CHALLENGES
—GROSS INDECENCY—SEXUALLY DELINQUENT PERSON—COURT
RULES—STATUTES.

A defendant is entitled to 20 peremptory challenges in the selection of a jury whenever the defendant is charged with an offense which is punishable by death or life imprisonment; therefore, limiting a defendant to five peremptory challenges was reversible error where the defendant was charged with gross indecency while at the same time being a sexually delinquent person, an offense which carries a penalty of up to life imprisonment (MCLA 768.13; MSA 28.1036, GCR 1963, 511.5).

3. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—LIFE IM-
PRISONMENT—CONFLICTING STATUTES.

The indeterminate sentence statute applies and is controlling where it conflicts with a statute which provides for a sentence of one day to life imprisonment for gross indecency while at the same time being a sexually delinquent person (MCLA 750.338, 769.9; MSA 28.570, 28.1081).

4. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—LIFE
SENTENCES—MINIMUM TERM OF YEARS—STATUTES.

Any sentence in which the maximum penalty is life imprisonment will be invalid where a minimum sentence for a term of years is included since such a sentence violates the indeterminate sentence statute (MCLA 769.9; MSA 28.1081).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 16 *et seq.*
[3, 4] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

Appeal from Alpena, Joseph P. Swallow, J. Submitted June 1, 1976, at Grand Rapids. (Docket No. 24117.) Decided August 23, 1976. Leave to appeal applied for.

Richard L. Helzer was convicted of two counts of gross indecency, and of being a sexually delinquent person at the time of said offenses. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roger C. Bauer,* Prosecuting Attorney (Prosecuting Attorney's Appellate Service, by *Keith D. Roberts,* of counsel), for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

DANHOF, C. J. On February 5, 1975, Richard Lee Helzer was found guilty by a jury of two counts of gross indecency and, additionally, of being a sexually delinquent person at the time of the said offenses. MCLA 750.338; MSA 28.570. He was sentenced to a term of a minimum of ten years to a maximum of life imprisonment on March 17, 1975. The defendant appeals as of right.

The defendant was charged by the prosecution with having committed two acts of gross indecency with another male person. The charges also included that:

"[T]he said RICHARD LEE HELZER was, at the time of the commission of said offense[s], a sexually delinquent person within the meaning of * * * Sec. 750.10a,

* Circuit judge, sitting on the Court of Appeals by assignment.

CL 1948, as amended [MCLA 750.10a; MSA 28.200(1)]." (Citation omitted.)

Before the jury was impaneled in the present case, the issue of the number of peremptory challenges to which the defendant should be entitled was raised with the trial judge in chambers. The court ruled that it would allow five challenges to be made by the defendant and five by the prosecutor. Again, after the jury had found the defendant guilty of gross indecency, but before it determined whether or not he had been sexually delinquent at the time, the defendant argued that because the offense carried a possible penalty of life imprisonment he was entitled to 20 peremptory challenges with which to choose another jury. The trial court proceeded with the same jury.

The defendant exhausted all five of the peremptory challenges allowed him during voir dire.

The dispositive issue raised on appeal is whether the defendant in the present case was entitled to 20 peremptory challenges with which to choose a jury that would determine whether he had been a sexually delinquent person at the time of the commission of the offenses herein.

GCR 1963, 511.5, as amended, provides in part:

"Each party in a criminal case shall be entitled to 5 peremptory challenges, unless the offense charged is punishable by death or life imprisonment, in which case the defendant shall be entitled to 20 peremptory challenges."

MCLA 768.13; MSA 28.1036 reads in relevant part:

"Any person who is put on trial for an offense punishable by death or imprisonment for life, shall be allowed

to challenge peremptorily twenty [20] of the persons drawn to serve as jurors, and no more."

In dealing with an offense similar to the one in the present case, the court in *People v Saunders,* 42 Mich App 246, 248; 201 NW2d 671 (1972), *lv den* 389 Mich 753 (1972), found:

"MCLA 750.85; MSA 28.280 provides for one offense, not two. It simply provides for a more severe penalty if defendant is found to be sexually delinquent."

Likewise, in another case involving a similar offense, the court in *People v Winford,* 59 Mich App 404, 407; 229 NW2d 474 (1975), stated:

"We read the above-quoted provision [MCLA 750.335a; MSA 28.567(1)] to mean that only one information can be filed under the statute. In that information the prosecutor can charge a person with indecent exposure or he can charge additionally that at the time of the offense the person was a sexually delinquent person."

In line with the above case law, it appears that the prosecutor may elect which penalty he seeks when he charges the defendant with the offense of gross indecency under MCLA 750.338; MSA 28.570.

In the instant case, the defendant was charged with having committed two acts of gross indecency while at the time of the commission of the offenses being a sexually delinquent person. Under MCLA 750.338; MSA 28.570, the defendant was faced with a possible term of life imprisonment. As a result of having been so charged by the prosecutor, the defendant was thus "put on trial for an offense punishable by * * * imprisonment for life" within

the meaning of MCLA 768.13; MSA 28.1036 and was entitled to 20 peremptory challenges with which to select a jury. GCR 1963, 511.5. The trial court committed reversible error in denying the defendant the number of peremptory challenges to which he was entitled.

It should also be noted that the trial court improperly sentenced the defendant in the present case. Even though MCLA 750.338; MSA 28.570 provides for a sentence of one day to life, the later statute providing for indeterminate sentences, MCLA 769.9; MSA 28.1081, is controlling:

"In no case can a valid sentence be hereafter made in which the maximum penalty shall be life imprisonment with a minimum for a term of years included in the same sentence."

See *People v Saunders, supra,* at 248–249.

Reversed and remanded for a new trial.