PEOPLE v HELZER

Docket No. 59064. Argued January 5, 1978 (Calendar No. 12).—Decided December 29, 1978.

Richard L. Helzer was convicted by a jury in Alpena Circuit Court, Joseph P. Swallow, J., of two counts of committing acts of gross indecency and of being a sexually delinquent person at the time of the offenses. The trial court ruled that the parties were each entitled to five peremptory challenges in selecting the jury to decide the gross indecency charges, but reserved ruling on the defendant's request for 20 peremptory challenges, made on the ground that he was being charged as a sexually delinquent person with a possible punishment of imprisonment for life. The trial was completed with a jury selected after the defendant had exercised five peremptory challenges. The Court of Appeals, Danhof, C.J., and D. E. Holbrook and Munro, JJ., reversed and remanded for a new trial on the ground that the defendant was entitled to 20 peremptory challenges (Docket No. 24117). The people appeal. *Held:*

1. Sexual delinquency is a matter of sentencing, unrelated to proof of the principal charge. No additional element of "sexual delinquency" need be proven in order to convict on the principal charge. But conviction of sexual delinquency can be obtained only in conjunction with conviction on the principal charge. Language in the statute specifically characterizes sexual delinquency treatment as an "alternate sentence to imprisonment".

2. The alternate sentencing treatment is tied to a larger statutory scheme of rehabilitation. The nature of the sexual delinquency hearing is itself inconsistent with a simple en-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 21 Am Jur 2d, Criminal Law §§ 525-533.

[3] 47 Am Jur 2d, Jury §§ 233-264.

[4] 21 Am Jur 2d, Criminal Law § 451.
   41 Am Jur 2d, Indictments and Informations §§ 171-208.

[6] 16 Am Jur 2d, Constitutional Law § 552.
   21 Am Jur 2d, Criminal Law § 17.
   73 Am Jur 2d, Statutes § 346.

hancement of the penalty. The role of the fact finder is highly discretionary in deciding the delinquency question. Finally, the risk of extreme punishment on a finding of sexual delinquency suggests something more than an enhancement of the penalty related to the principal charge. Thus the charge of sexual delinquency is not simply an enhancement of the penalty for gross indecency.

3. The alternate nature of the sentence requires a hearing and record before a *separate* jury in cases where a defendant does not waive a jury trial. The substantial function and discretion of the jury in hearing the sexual delinquency charge, the high potential for automatic conviction were the original jury to hear the delinquency charge, and the penalty of life imprisonment possible upon finding sexual delinquency distinguish this proceeding from habitual offender proceedings. The potential for prejudice if the same jury hears both charges is inescapable, given the broad function and wide discretion necessarily accorded the jury in the sexual delinquency hearing. Much more is involved than simply determining whether this defendant is the person convicted of specific prior offenses; acts not necessarily resulting in criminal convictions may be considered under the statute. Furthermore, the definition of a sexually delinquent person allows, and in fact must depend upon, consideration of the prior principal sexual offense. The likelihood of an automatic conviction if the same jury hears both charges requires a separate jury for the charge of sexual delinquency.

4. The decision to empanel a separate jury should not be left to the discretion of the trial judge. Unless waived by the defendant, a second jury must be provided in every case to decide the charge of sexual delinquency. The second jury should be empaneled before the same trial judge immediately after conviction on the principal charge.

5. A defendant is entitled to 20 peremptory challenges in the empaneling of this jury because he faces a possible sentence of life in prison. However, at the time the initial jury is empaneled on the principal charge, a defendant should be allowed only the number of peremptory challenges appropriate to the possible sentence on that charge.

6. The charge of sexual delinquency *must,* by statute, be brought *before* trial on the principal charge begins. The original indictment should include both the principal charge and the charge of sexual delinquency. After trial begins, the prosecutor will have waived the opportunity to bring a charge of

sexual delinquency. However, there is no impropriety in allowing amendments of the information or complaint prior to trial.

7. No reference to the sexual delinquency charge should be made to the jury trying the principal charge. Given the provision for separate juries, there is no need to acquaint the jury hearing the principal charge with the possible subsequent conviction of the defendant as a sexually delinquent person. Discovery during trial of the principal charge that the jury hearing that case has learned of the sexual delinquency charge will henceforth be grounds for mistrial on the principal charge or reversible error on appeal. The two charges must be tried separately.

8. There was no error in this case in the trial of the principal charge of gross indecency. The case is remanded to the circuit court only for a hearing before a separately empaneled jury if the prosecutor decides to pursue the charge of sexual delinquency. Defendant should be accorded the full 20 peremptory challenges appropriate to the possible life sentence. If the prosecutor chooses not to proceed upon the charge of sexual delinquency, or if the defendant is found not guilty, he will be resentenced by the trial court only on the principal charge. The Court declines to consider the defendant's constitutional claims, raised on cross-appeal, concerning the Eighth Amendment and Due Process Clause, at this time.

Affirmed as modified.

Chief Justice Kavanagh dissented on the ground that the statute defining sexual delinquency is unconstitutional because it is void for vagueness, and therefore it is unnecessary to reach the procedural question in this case.

70 Mich App 683; 247 NW2d 328 (1976) affirmed as modified.

OPINION OF THE COURT

1. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — SENTENCING.

The criminal statutes concerning sexual delinquency are an alternate sentencing provision, rather than a penalty enhancement provision, which is unrelated to proof of the principal charge and limited to five specific criminal offenses, three of which arise from the same criminal conduct; proof of the specified acts which amount to sexual delinquency may involve more than simple ministerial consideration (MCL 750.10a, 767.61a; MSA 28.200[1], 28.1001[1]).

2. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — TRIAL — JURY.

The alternate nature of the sentence imposed on a defendant

convicted as being sexually delinquent requires a hearing and record before a separate jury, not the jury which decided the principal charge, in cases where the defendant does not waive trial by jury (MCL 767.61a; MSA 28.1001[1]).

3. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — JURY — PEREMPTORY CHALLENGES.

A second jury must be empaneled after conviction of the principal charge in every case charging a defendant as being sexually delinquent to decide the issue of sexual delinquency unless the second jury is waived by the defendant; the defendant is entitled to 20 peremptory challenges in the empaneling of the second jury because of the possible life sentence, but he is only allowed the number of peremptory challenges appropriate to the possible sentence for the principal charge at the time the first jury is empaneled to hear the principal charge (MCL 767.61a; MSA 28.1001[1]).

4. INDICTMENT AND INFORMATION — SEXUALLY DELINQUENT PERSONS — AMENDMENT.

A charge of being sexually delinquent must be brought before trial on the principal charge begins even though the defendant is separately tried before another jury on the charge of sexual delinquency; however, there is no impropriety in allowing amendment of the indictment or information prior to trial (MCL 767.61; MSA 28.1001[1]).

5. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — TRIAL — JURY.

Discovery during a trial of the principal charge against a defendant also charged as being a sexually delinquent person that the jury hearing the principal charge has learned of the charge of sexual delinquency is a ground for mistrial on the principal charge or reversible error on appeal (MCL 767.61a; MSA 28.1001[1]).

DISSENTING OPINION BY KAVANAGH, C.J.

6. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — STATUTES — DUE PROCESS.

*The statutory definition of a sexually delinquent person is replete with indefinite terms; therefore, it is constitutionally void for vagueness (US Const, Am XIV; Const 1963, art 1, § 17; MCL 750.10a; MSA 28.200[1]).*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *Theodore O. Johnson,* Prosecuting Attorney, and *Keith D. Roberts,* Assistant Attorney General, for the people.

State Appellate Defender (by *F. Martin Tieber* and *Lynn Chard)* for defendant.

BLAIR MOODY, JR., J. Richard Lee Helzer was charged in Alpena County with committing two acts of gross indecency with another male, contrary to MCL 750.338; MSA 28.570.[1] In the same two-count information, he was further charged with being a sexually delinquent person at the time of the offenses. See, also, MCL 750.338; MSA 28.570.[2] Conviction of gross indecency carries a maximum penalty of five years imprisonment.[3] However, the additional penalty provided upon a finding of sexual delinquency allows an alternate confinement of one day to life imprisonment.[4]

Defendant Helzer was convicted by jury on the principal two charges of gross indecency.[5] Subsequently, he was separately convicted *by the same jury* of being a sexually delinquent person at the

---

[1] Gross indecency has been designated under three separate provisions of the criminal code. See MCL 750.338; MSA 28.570 (gross indecency, males); MCL 750.338a; MSA 28.570(1) (gross indecency, females); MCL 750.338b; MSA 28.570(2) (gross indecency, male-female). Each proscribes identical behavior, distinguished only by the sex of the parties involved.

[2] Sexual delinquency was simply engrafted upon the existing principal categories of gross indecency. Most legislative provisions relative to sexual delinquency became effective September 18, 1952. A broad interrelated scheme was evidently intended in dealing with the problem of sexual delinquency.

[3] The statute provides penalties of fine or imprisonment:

"punishable by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00." MCL 750.338; MSA 28.570.

[4] Michigan decisions have viewed this sentence as indeterminate. See *People v Winford, ante,* 404 Mich 400; 273 NW2d 54 (1978).

[5] Trial proceeded on the principal charge without reference to the additional charge of sexual delinquency.

time the acts occurred.[6] As a result of the convictions, he was sentenced concurrently to from ten years to life on each count.

Defendant appealed to the Court of Appeals, alleging that, as regards the bifurcated gross indecency and sexually delinquent person charges, he was charged with but a single statutory offense carrying a possible life sentence and therefore was entitled to 20 peremptory jury challenges. At trial, he had been allowed only the five challenges required by the possible penalty available for a gross indecency prosecution. The Court of Appeals reversed[7] on the basis of this claim, ordering a new trial as to all charges. We granted leave to appeal. 399 Mich 824 (1977).

The question we will address on this appeal is whether in a gross indecency prosecution, where defendant is also charged with sexual delinquency, reversible error occurs when the court refuses defendant's request for 20 peremptory jury challenges, even though the separate charge of sexual delinquency carries a possible penalty of life imprisonment. We reverse the Court of Appeals order for a totally new trial. We find defendant's trial on the principal charges of gross indecency without error. However, we do find error in the trial court's denial of defendant's request for 20 peremptory jury challenges incident to his prosecu-

---

[6] Defendant presented virtually no defense to the charge of sexual delinquency. The prosecutor introduced (1) a certified order of probation of March 5, 1965, indicating prior conviction in Alpena County of accosting and soliciting a minor child, and (2) a Macomb County Court disposition sheet showing defendant's conviction of indecent liberties with a minor child on March 18, 1968. In response, defendant merely argued that the convictions were old enough to cast doubt on any finding of sexual delinquency under the statute. After the verdict, the judge made a separate finding, as a matter of law, that defendant was a sexually delinquent person.

[7] The Court of Appeals decision is reported at 70 Mich App 683; 247 NW2d 328 (1976).

tion as a sexually delinquent person and so remand for hearing before a jury separately empaneled to decide this question.

## I

Defendant was convicted of two offenses involving gross indecency. The statute relating to gross indecency defines the offense in the following way:

"Any male person who, in public or in private, commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00." MCL 750.338; MSA 28.570.

Additionally, the statute provides that defendant may be declared a sexually delinquent person at the time the offense[8] occurred:

"[I]f such person was at the time of the said offense a sexually delinquent person, [then he] may be [punished] by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life." MCL 750.338; MSA 28.570.

Similar sexual delinquency provisions exist in several other criminal statutes. See MCL 750.158; MSA 28.355 (sodomy); MCL 750.335a; MSA 28.567(1) (indecent exposure); MCL 750.338a; MSA

---

[8] This language fixes the relevant time to decide whether defendant was sexually delinquent at the point when the principal offense was committed. Further, sexual delinquency was intended to depend upon conviction and subsequent consideration of the principal criminal charge and surrounding psychiatric history. Only where the principal charge is prosecuted to conclusion and defendant found guilty can sexual delinquency be tried.

28.570(1) (gross indecency, females); MCL 750.338b; MSA 28.570(2) (gross indecency, male-female).

In order to convict defendant as a sexual delinquent, evidence[9] of delinquency, as defined by MCL 750.10a; MSA 28.200(1), must be established beyond a reasonable doubt:

"The term 'sexually delinquent person' when used in this act shall mean any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16."

Conviction of sexual delinquency can be obtained only in conjunction with conviction on the principal charge.[10] Yet, sexual delinquency is a matter of sentencing, unrelated to proof of the principal charge. No additional element of "sexual delinquency" need be proven in order to convict on the principal charge.

Accordingly, what activates the sexual delinquency provision is proof of guilt of a principal criminal offense. However, coupled with this fact, the sexual delinquency hearing itself must prove that defendant has committed "repetitive or compulsive *acts* which indicate a disregard of conse-

[9] MCL 750.10a; MSA 28.200(1) does not directly specify "elements" of proof. However, the language qualifying the designated acts conforms to a determinable structure of proof. As noted, proof of these acts must be established beyond a reasonable doubt.

[10] The Court of Appeals has correctly determined that charges of sexual delinquency may be brought only where the principal criminal statute explicitly so specifies. See *People v Seaman*, 75 Mich App 546; 255 NW2d 680 (1977), where supplementation of third-degree criminal sexual conduct prosecution with sexual delinquency charge was rejected because explicit provision for charging sexual delinquency is nowhere contained within the criminal sexual conduct statute.

quences or the recognized rights of others", or *acts* of force used "upon another person in attempting sex relations of either a heterosexual or homosexual nature", or *acts* of sexual aggression committed "against children under the age of 16." MCL 750.10a; MSA 28.200(1). (Emphasis added.)

It is also clear that proof of the sexual delinquency charge may involve more than simple ministerial considerations.[11] Very broad substantive factors come into play when the court or jury decide this question. MCL 767.61a; MSA 28.1001(1)[12] provides for a separate hearing and

---

[11] In this particular case, defendant's prior conviction constituted the basis for the jury's sexual delinquency verdict. This case thus parallels the normal habitual offender prosecution where the offense is totally defined and limited by the existence of prior convictions. However, sexual delinquency is not explicitly dependent upon any prior conviction except the principal charge. Hence, though the sexual delinquency prosecution must be defined in terms of a contemporaneous conviction on the principal charge, the court or jury is not limited to record convictions in their deliberations. The only limitation is that they must weigh the acts specified in MCL 750.10a; MSA 28.200(1). Defendant is not punished for prior offenses. He is prosecuted in order to determine whether special circumstances surrounding the principal charge make an alternate sentence appropriate.

[12] This provision constitutes the major procedural pronouncement regarding the sexual delinquency hearing and reads as follows:

"In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. In the event the accused shall plead guilty to both charges in such indictment, the court * * * before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense." MCL 767.61a; MSA 28.1001(1).

record,[13] involving psychiatric and expert testimony on the question.[14] Even where defendant pleads guilty, the court is ordered to separately investigate the charge of sexual delinquency.[15] Language in this statute specifically characterizes sexual delinquency as "an *alternate* sentence to imprisonment". See MCL 767.61a; MSA 28.1001(1). (Emphasis added.) In short, this particular provision reflects legislative intent to construe sexual delinquency as a separate, alternate form of sentencing.

Consequently, we are led to an interpretation different than that adopted by the Court of Appeals. That Court's opinion found sexual delinquency to be entirely self-contained in MCL 750.338; MSA 28.570, and thus simply a penalty enhancement provision related to the principal gross indecency charge.[16] To the contrary, we find sexual delinquency to be an alternate sentencing provision tied to a larger statutory scheme. Further, we find the nature of the sexual delinquency hearing itself inconsistent with a simple penalty enhancement rationale. We also find the role of the fact finder highly discretionary in deciding the

[13] Though not explicitly stated, we find a separate hearing and record directed by clear implication.

[14] By particularly isolating both psychiatric and *expert* testimony for consideration, the statute must be construed to authorize any competent medical, sociological or psychological testimony which might aid in the determination of defendant's mental and physical condition at the time the principal offense occurred.

[15] Defendant will be entitled to a jury trial on the delinquency charge, even where he enters a guilty plea to the principal charge. If defendant enters a plea to both charges, still the court's examination should be conducted under a procedure equivalent to that used where a jury decides the sexual delinquency question. The same kinds of evidence will be admissible in deciding the appropriate sentence.

[16] See the Court of Appeals opinion in *People v Helzer, supra.* See, also, *People v Saunders,* 42 Mich App 246, 248; 201 NW2d 671 (1972), *lv den* 389 Mich 753 (1972); *People v Winford,* 59 Mich App 404, 407; 229 NW2d 474 (1975), *lv granted* 395 Mich 824 (1976).

delinquency question. Finally, we note the risk of extreme punishment involved with a finding of sexual delinquency. All of these considerations require us to reject the approach taken by the Court of Appeals.

## II

A close examination of the legislative history of sexual delinquency demonstrates a sound basis for an alternate sentencing interpretation. At the time the concept became part of Michigan law, related statutory provisions were enacted[17] which clearly indicate sexual delinquency was conceived as possible mental illness precluding a fixed sentence. The concept of sexual delinquency was included in the then-existing mental health code[18] and Department of Corrections Act,[19] which specifically provided for treatment and early release upon satisfactory review by the parole board. The intended result entailed a more flexible and less determinate sentencing framework than set terms of imprisonment. This flexible form of incarceration was meant to entirely replace the more structured and limited sentence provided upon conviction of the principal charge.

Further, this alternate context for handling sexually delinquent persons was explicitly tied to other criminal provisions[20] and, by analogy, even

---

[17] Sexual delinquency was included within the definition of mental illness under the Hospital Act for Mentally Diseased Persons by 1952 PA 148. At the same session, the Michigan Corrections Act was amended to encompass sexually delinquent persons. See 1952 PA 72, § 74a. Provision appeared for psychiatric treatment and authorization for early release by the parole board. See 1952 PA 72, § 74b.

[18] MCL 330.54; MSA 14.844.

[19] MCL 791.33a et seq.; MSA 28.2173(1) et seq.

[20] See the indecent liberties statute, MCL 750.336; MSA 28.568, the rape statute, MCL 750.520; MSA 28.788, the assault with intent to commit rape statute, MCL 750.85; MSA 28.280, the incest statute,

to legislation dealing with civil commitment.[21] In sum, sexual delinquency was part of a much broader scheme of rehabilitation involving a sentence adjusted to defendant's treatment and recovery from possible mental illness. Thus the sentence for being sexually delinquent was not primarily penal. Punishment within a specific limited period for the principal offense was reserved for those whose psychiatric histories, considered after conviction on the principal charge, reflected no serious tendency toward pathologically repetitive, compulsive, forceful or aggressive acts. So conceived, the sexually delinquent person concept was clearly intended to entail a more flexible, alternate form of sentencing.

Since the legislation was originally enacted, numerous changes have occurred not only in statutes which specifically included the sexual delinquency concept, but also in legislation related to other forms of sexual conduct considered criminal. The wording in the then-existing mental health code, including sexual delinquency in the definition of mental illness, was deleted.[22] Further, the Mental Health Code was completely revised four years ago.[23] Authority now exists for a finding of "guilty but mentally ill" in criminal prosecutions, which might parallel the sexual delinquency concept as included in the old mental health code.[24] Provision

MCL 750.333; MSA 28.565, the indecent exposure statute, MCL 750.335a; MSA 28.567(1), and the sodomy statute, MCL 750.158; MSA 28.355.

[21] The provision for civil commitment was the Criminal Sexual Psychopath Act legislated in 1950, amended in 1952 and 1966, and later repealed in 1968. See 1950 (Ex Sess) PA 25; 1952 PA 58; 1966 PA 267; 1968 PA 143; MCL 780.501-780.507; MSA 28.967(1)-28.967(7). See also, *People v Griffes,* 13 Mich App 299; 164 NW2d 426 (1968).

[22] All references to sexual delinquency were deleted in enacting the new Michigan Mental Health Code in 1974.

[23] See MCL 330.1001 *et seq.;* MSA 14.800(1) *et seq.*

[24] See MCL 768.36; MSA 28.1059. We have granted leave to appeal

for treatment and early release of sexual delin-
quents, which was included in the Department of
Corrections Act, was amended out of that statute.[25]
Similarly, references to sexual delinquency origi-
nally found in other legislation have been deleted
as new or revised law has appeared.[26] In short,
sexual delinquency is now limited to five specific
criminal provisions, three of which arise from the
same criminal conduct.[27] Thus constituted, sexual
delinquency is a seldom-used category of alternate
sentencing, now less explicitly rehabilitative. Pro-
vision for treatment is now confined to the normal
facilities available to all prison inmates.[28]

## III

We conclude that in order to fairly proceed
against a defendant under this modified statutory
scheme, the alternate nature of the sentence re-
quires a hearing and record before a *separate* jury
in cases where defendant does not waive jury trial.
The substantial function and discretion of the jury

in a matter which would consider this particular provision. See
*People v McLeod*, Docket No. 60368.

[25] See 1953 PA 232, repealing MCL 791.33a *et seq.;* MSA 28.2173(1)
*et seq.* Provisions as modified can be found in MCL 791.201 *et seq.;*
MSA 28.2271 *et seq.*

[26] Several statutes included identical language. See the indecent
liberties statute, MCL 750.336; MSA 28.568, repealed by 1974 PA 266;
the rape statute, MCL 750.520; MSA 28.788, repealed by 1974 PA 266;
the assault with intent to commit rape statute, MCL 750.85; MSA
28.280, repealed by 1974 PA 266; the incest statute, MCL 750.333;
MSA 28.565, repealed by 1974 PA 266.

[27] See MCL 750.158; MSA 28.355 (sodomy); MCL 750.338; MSA
28.570 (gross indecency, males); MCL 750.338a; MSA 28.570(1) (gross
indecency, females); MCL 750.338b; MSA 28.570(2) (gross indecency,
male-female).

[28] We recognize defendant's question concerning the treatment
accorded persons who might be sentenced to life imprisonment.
However, this question is not directly before us on this appeal.
Nonetheless, because one of the intended purposes for an alternate
sentence is treatment and possible rehabilitation, we do consider this
a significant problem.

in hearing the sexual delinquency charge,[29] the high potential for automatic conviction were the original jury to hear the delinquency charge and the penalty of life imprisonment possible upon finding sexual delinquency all inform our order for separate jury consideration.[30] Within the special context of the sexual delinquency hearing, we find that these circumstances distinguish this proceeding from any analogy to habitual offender proceedings. See *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968).

The trial court cannot predict at the outset whether a defendant will actually be prejudiced by having the same jury decide both the principal charge and the sexual delinquency charge. However, the potential for prejudice is inescapable, given the broad function and wide discretion necessarily accorded the jury in the sexual delinquency hearing. Much more is involved than simply determining whether this defendant is the person convicted of specific prior offenses.[31] Indeed, acts not necessarily resulting in criminal convictions may be considered under the statute. See MCL 750.10a; MSA 28.200(1). Furthermore, the definition of a sexually delinquent person allows, and in fact must depend upon, consideration of the prior principal sexual offense. Consequently, we find the possibility too real that a jury which only shortly before had found defendant guilty beyond a reasonable doubt on the principal sexual offense might without responsible deliberation conclude he was also a sexually delinquent person. In short,

[29] See footnote 14, *supra,* and accompanying text.

[30] We reject the reasoning and conclusion applied by the Court of Appeals in *People v Saunders, supra.* The Court found there that the same jury could consider both a principal charge and the sexual delinquency charge. *Id.* at 248.

[31] See footnote 14, *supra,* and accompanying text.

the likelihood of an automatic conviction in this subsequent proceeding requires us to order a separate jury.

Additionally, in view of the potential life sentence under the sexual delinquency charge, if the same jury hears both charges a defendant is entitled to 20 peremptory challenges in the empaneling the original jury. However, if the need for a second jury is left to the discretion of the trial court and the court finds a different jury necessary to avoid prejudice in trying the sexual delinquency charge, then the time and expense in proceeding with 20 peremptory challenges at the beginning of the trial is wasted. We find this situation incongruous.

As a result, we conclude that the decision to empanel a separate jury should not be left to the discretion of the trial judge. Unless waived by the defendant, we shall require that a second jury be provided in every case to decide the sexual delinquency charge. The second jury should be empaneled before the same trial judge immediately after conviction on the principal charge.

Further, because defendant is separately tried on the charge of sexual delinquency, which carries a possible sentence of life in prison, he is entitled to 20 peremptory challenges in the empaneling of this jury. On the other hand, at the time the initial jury is empaneled on the principal charge, defendant should be allowed only the number of peremptory challenges appropriate to the possible sentence on that charge.

Moreover, though defendant is separately tried by two different juries, the charge against him for sexual delinquency *must* be brought *before* trial on the principal charge begins. The statute mandates that result by including the word "shall" in the

relevant language of MCL 767.61a; MSA 28.1001(1):

> "In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment *shall* charge the offense and máy also charge that the defendant was, at the time said offense was committed, a sexually delinquent person." (Emphasis added.)

Thus, if brought at all, a charge of sexual delinquency must be included in the original indictment. The word "may" in the statute refers to the option available to the prosecutor, indicating the sexual delinquency charge may or may not be included. This language does not allow a subsequent information to be filed after the principal charge is tried.

We would contrast this provision with the habitual offender statute.[32] In the case of sexual delinquency, ascertaining whether a prosecutor knew or should have known of circumstances which would lead him to add sexual delinquency to the information would be more difficult to establish with certainty. Consequently, determining the prosecutor's good faith discovery of prior convictions in habitual offender cases is not reasoning which can be transposed to the sexual delinquency context.

After the trial begins, the prosecutor will have waived the opportunity to bring a sexual delinquency charge. By imposing this time limit, we avoid late charges which would prejudice defend-

---

[32] See Judge, now Justice, Levin's discussion of this problem in habitual offender prosecutions. *People v Stratton,* 13 Mich App 350, 356; 164 NW2d 555 (1968).

ant. The substantive character of the sexual delinquency hearing and the extreme penalty possible weigh in our decision. Ideally, the original indictment should include both principal charges and the charge of sexual delinquency. However, we find no impropriety in allowing amendments of the indictment or information prior to trial. Thus, if the prosecutor decides during the period of trial preparation that a charge of sexual delinquency is appropriate, he should be permitted to modify the information. Beyond this point, he waives any right to bring such prosecution.

Furthermore, we hold that no reference to the sexual delinquency charge should be made to the jury trying the principal charge.[33] Given the provision for separate juries, absolutely no need remains to acquaint the jury hearing the principal charge with the possible subsequent conviction of defendant as a sexually delinquent person. Discovery during trial of the principal charge that the jury hearing that case has learned of the sexual delinquency charge will henceforth be grounds for mistrial on the principal charge or reversible error on appeal. The two charges must be tried separately. Basic fairness to defendant requires this holding.

## IV

Considering defendant's position in the present case, we find that the trial held on the principal charge was procedurally acceptable. He was charged in the original two-count information with both the principal crime of gross indecency and sexual delinquency. Defendant was provided with

---

[33] We find the same principal and reasoning applies to the sexual delinquency proceeding as obtains for habitual offender prosecutions. See *Id.* at 357-358.

only five peremptory challenges during voir dire on the principal charge. The charge of sexual delinquency was not placed before the jury during trial or deliberations on the principal charge. Only after the verdict of guilty on the principal charge did the court acquaint the jury with the charge of sexual delinquency. We thus find no error in the proceeding to this point and so affirm defendant's conviction of the principal offenses of gross indecency.

What we find objectionable is the trial court's decision to allow the same jury hearing the principal charge to decide the subsequent matter of sexual delinquency and, further, to deny defendant the right to 20 peremptory jury challenges on that charge. We thus affirm the Court of Appeals on this basic point; but reverse their order for an entirely new trial. We remand only for hearing before a separately empaneled jury should the prosecutor decide to pursue the sexual delinquency charge. Defendant should be accorded the full 20 peremptory challenges appropriate to the possible life sentence. Should the prosecutor choose not to proceed upon the sexual delinquency charge, or should the defendant be found not guilty, defendant will be resentenced by the trial court only on the principal charge.

Given our ruling of procedural error in the sexual delinquency proceeding, we will not now consider the larger constitutional claim first alleged by defendant in his cross-appeal to this Court. Should defendant be found sexually delinquent on proper hearing below, then appeal on constitutional grounds may be brought and fairly considered in the correct order.

Affirmed in part; reversed in part and remanded to the trial court for further proceedings.

Williams, Levin, Coleman, Ryan, and Fitzgerald, JJ., concurred with Blair Moody, Jr., J.

Kavanagh, C.J. *(dissenting)*. For the reasons set forth in my opinion in *People v Winford, ante,* 404 Mich 409; 273 NW2d 58 (1978), I am convinced the sexual delinquency statute is unconstitutional. Accordingly I see no reason for considering the procedural questions treated here.