*19 MARILYN Kelly, J.
(concurring in part and dissenting in part). I concur in the result reached by the majority. However, I write separately to express my disagreement with several parts of the majority opinion.
I disagree with the partial overruling of People v Helzer[1] because it is unnecessary. Defendant forfeited his right to avail himself of the Helzer rule by failing to assert it at trial. Forfeited issues are reviewed for plain error.[2] We have held that reversal for plain error is warranted in two situations. One is when the plain, forfeited error resulted in the conviction of an actually innocent defendant.[3] The other is when the error “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant’s innocence.”[4] Neither situation exists in this case.
The majority correctly notes that defendant testified about his prior felony convictions at trial. He also advanced as fact that he had accepted responsibility for those offenses to show that he would not have committed the indecent exposure alleged in this case. Moreover, many of his prior offenses would have been admissible under MRE 404(b) in a trial for the indecent exposure charge.
However, the testimony of defendant’s parole officer about defendant’s lengthy criminal history would have been admissible in the sexual delinquency case only to establish the elements of that offense. The prejudice inherent in admitting a defendant’s entire criminal *20 history at a trial on both charges when it is relevant only to prove the sexual delinquency charge is significant.
Under the facts of this case, I cannot conclude that the admission of defendant’s criminal history constituted plain error warranting reversal. Thus, I agree with the majority’s decision to reinstate defendant’s conviction, but would have decided this case on the narrow grounds previously discussed.
Because the majority reaches the Helzer rule and overrules it in part, I must also explain my disagreement with some of its reasoning. First, I would not rely on the doctrine of chances. As I explained in my dissenting opinion in People v Mardlin, “[t]he decision whether to apply the doctrine of chances is made on a case-by-case basis considering the particular facts of the case.”[5] Thus, application of the doctrine is appropriate only if the facts of the case support it. The majority has not shown that they do, though it notes that only “[ijn certain cases” would the doctrine permit evidence of a defendant’s past sexual misconduct to come before a jury.[6]
I also write separately to address the majority’s supposition that “[pjerhaps cases involving charges of sexual delinquency will need to be tried before separate juries at a higher rate than other crimes, but this does not necessitate a special rule applicable to all cases involving charges of sexual delinquency, particularly those in which indications of prejudice do not exist.”[7]1 believe that it is highly likely that such cases will need to be tried before separate juries more often than cases involving other crimes.
*21 The potential for prejudice is greatly increased in cases in which the prosecution must prove the elements of an underlying sexual offense and the repetitive nature of the defendant’s conduct.[8] This is so because the evidence necessary to prove the individual charges is different, and evidence relevant to prove one charge is not necessarily relevant or admissible to prove the other. Moreover, such evidence may be highly prejudicial.
I would further caution trial courts that nothing in the Court’s ruling today undermines Helzer’s persuasive reasoning for bifurcating jury trials as a discretionary matter. Henceforth, trial courts should carefully consider the potential for prejudice in such cases and whether a defendant can get a “fair determination” of his or her guilt or innocence “of each offense.”[9]
I also disavow part of the majority’s stare decisis discussion. In its analysis of the reliance interest, the majority states that “citizens [do not] contemplate criminal activity in reliance on the particular procedural rule implicated in this case.”[10] Hence, the majority asserts that reliance interests can never be implicated by caselaw interpreting a criminal statute because only criminals rely on that law. As I have previously explained, this statement is incorrect.[11]
Moreover, reliance interests are supposedly not implicated here simply because “the Helzer Court failed to *22 accord full meaning to the words of MCL 767.61a.”[12] In sum, a case that the majority believes erroneously interpreted a statute does not generate reliance because it misconstrued the statutory language. I continue to believe that such a statement is too facile an analysis of the extent to which there is a reliance interest in a given case.[13]
For these reasons, I concur in the result reached by the majority opinion but dissent from much of its analysis.

 People v Helzer, 404 Mich 410; 273 NW2d 44 (1978).

 See, e.g., People v McNally, 470 Mich 1, 5; 679 NW2d 301 (2004).

 People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999).

 Id., quoting United States v Olano, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993) (quotation marks omitted).

 People v Mardlin, 487 Mich 609, 641; 790 NW2d 607 (2010) (Kelly, C.J., dissenting).

 Ante at 12.

 Ante at 11.

 Thus, I agree with the Helzer Court that “a jury which only shortly before had found defendant guilty beyond a reasonable doubt on the principal sexual offense might without responsible deliberation conclude he was also a sexually delinquent person.” Helzer, 404 Mich at 423.

 MCR 6.120(B) (emphasis added).

 Ante at 16.

 People v Gardner, 482 Mich 41, 83 n 11; 753 NW2d 78 (2008) (Kelly, J., dissenting) (explaining that “criminals are not the only people who rely on criminal statutes”).

 Ante at 17.

 See, e.g., Gardner, 482 Mich at 82-83 (Kelly, J., dissenting) (“[T]he majority often merges the reliance prong with the initial determination of whether the precedent was correctly decided. This last point effectively eviscerates the reliance prong of [the analysis of Robinson v Detroit, 462 Mich 439, 464; 613 NW2d 307 (2000)], because a ‘wrong’ decision supposedly can never generate reliance.”).