Hathaway, J.
(concurring in part and dissenting in part). I concur with the majority that the trial court’s order granting defendant a new trial should be vacated and that defendant’s conviction should be reinstated. However, I reach this conclusion because defendant has forfeited his right to separately empaneled juries in the matter before us. As the majority acknowledges, defendant was charged with “indecent exposure as a sexually delinquent person”[1] and tried before one jury without objection. Under the circumstances presented in this case, defendant forfeited his right to separately empaneled juries. Accordingly, I respectfully dissent from the majority’s decision to partially overrule People v Helzer, 404 Mich 410; 273 NW2d 44 (1978), which has served as precedent for more than 30 years in this state, because it is unnecessary to reach the issue whether Helzer was *23 correctly decided given that defendant forfeited the right to trial by separate juries.
I. ANALYSIS
At issue is whether defendant was entitled to separately empaneled juries. The defendant’s claim of error was based on Helzer, which established a right to be tried by two separate juries when charged with indecent exposure as a sexually delinquent person pursuant to MCL 750.335a and MCL 767.61a. According to the record, defendant made no request for bifurcation before trial, nor did he object to empaneling a single jury either before or during the trial. The objection was not raised until after the conviction and sentence and after an appeal had been filed in the Court of Appeals. The prosecution argues that the issue has been waived or forfeited given these circumstances. While the majority holds that it need not consider the prosecution’s argument, I respectfully disagree. Under the circumstances presented in this case, I conclude that defendant forfeited the right to trial by separate juries and, consequently, there is no need to reach the question whether Helzer was correctly decided.
To determine whether the alleged error was forfeited, we first examine the right claimed by defendant. While defendant argues that he was denied the right to a jury trial, which cannot be waived without meeting the procedural requirements of MCR 6.402, I find defendant’s argument without merit. Defendant was not denied the right to a jury trial; to the contrary, defendant was tried by a jury in this case. Defendant’s claim of error involves the right to be tried by separate juries, in order to exclude possible prejudice resulting from the same jury hearing certain evidence. However, the right to separate juries found in Helzer was not *24 based on any federal or state constitutional right; rather, the right found in Helzer was based on the procedural language contained in MCL 767.61a.[2] Further, Helzer acknowledged that the right to separate juries is subject to waiver: “\u\nless waived by the defendant, we shall require that a second jury be provided in every case to decide the sexual delinquency charge.”[3] Thus, defendant’s appeal in the Court of Appeals involved a nonconstitutional, unpreserved error. This category of error must be reviewed in accordance with People v Carines.[4]
The test set forth in Carines for reversing a conviction on the basis of a nonconstitutional, unpreserved error requires that the defendant show a plain error that affected substantial rights.[5] Further, “[t]he reviewing court should reverse only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.”[6] Based on the violation of the right to separate juries set forth in Helzer, defendant did demonstrate a plain error. The error, however, at most resulted in the jury hearing and considering evidence that was potentially prejudicial. “[A] fair trial does not include the right to exclude relevant and competent evidence.”[7] Therefore, the fact that the jury heard testimony concerning defendant’s past convictions did not demonstrate prejudice affecting his substantial rights.
*25 Even assuming that excluding this evidence implicated a substantial right, there was no showing that defendant in this case was actually innocent or that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. At trial, defendant freely admitted that he committed all the prior acts. Defendant discussed his prior convictions in his opening statement. All the prior-acts testimony was entered into evidence without objection. Defendant admitted that he was in the bookstore and had conversations with the victim but denied that he exposed himself to this victim. Apart from this denial, which the jury evidently did not believe, the record does not suggest that defendant was actually innocent or that the integrity or public reputation of the proceedings was seriously affected.
Additionally, while Helzer discussed the right to separate juries in the context of fairness, in all situations in which severance is mandatory, the court rules clearly place the burden on the defendant to request the relief by motion.[8] I see no reason to treat the Helzer right to severed trials differently from any other situation in which severance is mandatory. Further, there is nothing unfair in requiring a defendant to do so. The burden is on a defendant to request separate juries, and if a defendant fails to do so, the right is subject to the unpreserved-forfeiture analysis set forth in Carines. Given the circumstances of this case, there is nothing in *26 the record to reflect that defendant was actually innocent or that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings that resulted in his conviction.
Accordingly, I must respectfully dissent from the majority’s decision to overrule Helzer. Helzer has served as precedent in this state for more than 30 years. Given that the defendant forfeited the Helzer issue, there is no reason to overrule Helzer, even in part, in the case before us. Overruling precedent may be warranted in certain circumstances, but overruling 30-year-old precedent should not be done without thoughtful consideration of the principle of stare decisis. Any stare decisis analysis must focus on the individual case and the reasons for overruling precedent. While the majority finds that the Robinson[9] factors have been met in this instance, I disagree. The majority’s reasons for overruling 30-year-old precedent are paramount to any articulated test, and given that the issue has been forfeited, there is no reason to partially overrule Helzer in the case before us.
II. CONCLUSION
I concur with the majority that the order granting defendant a new trial should be vacated and that defendant’s conviction should be reinstated, although I reach this result on the ground that defendant forfeited his right to separately empaneled juries. Accordingly, I respectfully dissent from the majority’s decision to partially overrule Helzer, which has served as precedent for more than 30 years in this state, because it is unnecessary to reach the issue whether Helzer was correctly decided.

 MCL 750.335a (indecent exposure); MCL 767.61a (sexual delinquency).

 See also Spencer v Texas, 385 US 554, 567-569; 87 S Ct 648; 17 L Ed 2d 606 (1967) (holding that there is no federal constitutional right to a bifurcated criminal trial).

 Helzer, 404 Mich at 424.

 People v Carines, 460 Mich 750; 597 NW2d 130 (1999).

 Id. at 763-764.

 Id. at 774.

 Zafiro v United States, 506 US 534, 540; 113 S Ct 933; 122 L Ed 2d 317 (1993).

 See, e.g., MCR 6.120(C), which provides: “On the defendant’s motion, the court must sever for separate trials offenses that are not related as defined in [MCR 6.120(B)(1)]”; MCR 6.121(B), which provides: “On a defendant’s motion, the court must sever offenses that are not related as defined in MCR 6.120(B)”; and MCR 6.121(C), which provides: “On a defendant’s motion, the court must sever the trial of defendants on related offenses on a showing that severance is necessary to avoid prejudice to substantial rights of the defendant.”

 Robinson v Detroit, 462 Mich 439, 464; 613 NW2d 307 (2000).