### PEOPLE *v.* GRIFFES.

1. CRIMINAL LAW—SEXUAL DELINQUENT—DEFINITION.
   Term "sexual delinquent" is defined by statute as any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate disregard of consequences or the recognized rights of others or by the use of force upon another person in attempting sex relations or by the commission of sexual aggressions against children under the age of 16 (CLS 1961, § 750.10a).

2. STATUTES—CONSTRUCTION.
   A statute which could be interpreted as being consistent or inconsistent with other statutory provisions is read so that the provisions are consistent.

--------

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Incompetent Persons § 2.
[2] 50 Am Jur, Statutes § 363.
[3-7] 41 Am Jur 2d, Incompetent Persons § 49 *et seq.*

3. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—SEX-
UALLY DELINQUENT PERSONS—DISTINCTION—TREATMENT.

Persons found to be criminal sexual psychopaths are placed in
appropriate institutions until cured and are not thereafter
treated as criminals for purposes of prosecution, whereas those
found to be sexual delinquent persons are subject to indeter-
minate prison sentence; such difference in treatment suggests
that legislature did not intend the same condition of mind to
give rise to either classification.

4. SAME—SEXUAL DELINQUENT—CONSTITUTIONAL LAW—CRUEL AND
UNUSUAL PUNISHMENT.

"Sexual delinquent" as the term is used in statute excludes those
persons who suffer from a mental disorder which is coupled
with a propensity to the commission of sexual offenses; there-
fore punishment as a sexually delinquent person is not pun-
ishment of a mental condition or status in violation of consti-
tutional prohibition against cruel and unusual punishment (US
Const, Am 8; Const 1963, art 1, § 16).

5. SAME—CRIMINAL SEXUAL PSYCHOPATH—MEDICAL TESTIMONY.

Testimony of psychiatrist witness at trial of defendant as a sex-
ually delinquent person for indecent exposure that defendant's
innate personality was not sufficiently strong to repudiate his
sexual strivings and that advancing age could well worsen his
condition was grounds for the institution of appropriate pro-
cedures to determine whether defendant was a criminal sexual
psychopath (CLS 1961, §§ 750.335a, 780.501 et seq.).

6. SAME—CRIMINAL SEXUAL PSYCHOPATH—PROCEEDINGS—WAIVER.

A criminal defendant may not waive the right to institution
of statutory proceedings to determine whether he is a criminal
sexual psychopath (CLS 1961, § 780.501 et seq.).

7. SAME—CRIMINAL SEXUAL PSYCHOPATH—PROCEEDINGS.

Trial court should have initiated proceedings on its own motion
when it became clear from testimony that criminal sexual psy-
chopath proceedings were warranted and sentence of defend-
ant as a sexually delinquent person on charge of indecent ex-
posure in such a case should be set aside to enable proceedings
to be had (CLS 1961, §§ 750.335a, 780.501 et seq.).

Appeal from Kent, Hoffius (Stuart), J. Sub-
mitted Division 3 February 9, 1968, at Grand Rapids.
(Docket No. 2,796.) Decided September 24, 1968.

Leon Ellsworth Griffes was convicted of indecent exposure as a sexually delinquent person. Defendant appeals. Sentence vacated and case remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Vander Veen, Freihofer & Cook (Donald F. Oosterhouse,* of counsel), for defendant.

G. E. BOWLES, J. Defendant Leon Ellsworth Griffes was convicted of having made an indecent exposure as a sexually delinquent person and sentenced to a prison term of from one day to life. The pertinent statutory provision is CLS 1961, § 750.335a (Stat Ann 1954 Rev § 28.567[1]) which states:

"Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record."

The issue raised by appellant on this appeal is that the added penalty for a "sexual delinquent" person constitutes criminal punishment of a mental condition or status and is thus a cruel and unusual

punishment in violation of the 8th Amendment to the United States Constitution. *Robinson* v. *California* (1962), 370 US 660 (82 S Ct 1417, 8 L Ed 2d 758).

A "sexual delinquent" is defined in CLS 1961, § 750.10a (Stat Ann 1962 Rev § 28.200[1]) as:

"Any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16."

We are of the opinion that this case is not controlled by *Robinson* v. *California* for the reason that the sexual delinquency provision was not directed toward mental condition or status. See *Powell* v. *Texas* (1968), 392 US 514 (88 S Ct 2145, 20 L Ed 2d 1254). Although the term "sexual delinquent" has not been construed in this jurisdiction,[1] its meaning must be gleaned by an 'in-context' reading with other statutory provisions. It is axiomatic that if a statute could be interpreted as being consistent or inconsistent with other statutory provisions, the courts are constrained to read the provisions as consistent. *Board of Education of Presque Isle Township School District No. 8* v. *Presque Isle County Board of Education* (1961), 364 Mich 605.

With this rule of construction in mind, we direct attention to the criminal sexual psychopath statute, CLS 1961, § 780.501 *et seq.* (Stat Ann 1954 Rev § 28.967[1])[2] as provided in § 1 thereof:

---

[1] Indeed, a search of Words and Phrases and the indexes of the major encyclopedias indicate that this term has never been defined by any appellate court.

[2] This act has been repealed by PA 1968, No 143, effective August 1, 1968.

"Any person who is suffering from a mental disorder and is not feebleminded, which mental disorder is coupled with criminal propensities to the commission of sex offenses is hereby declared to be a criminal sexual psychopathic person."

Such persons as are found to be criminal sexual psychopaths are treated so entirely differently from those found to be sexually delinquent that it is incongruous to our minds to suppose the legislature meant the same condition of the mind to give rise to either classification. For instance, under an indecent exposure conviction, ordinarily a misdemeanor, a sexually delinquent person may be imprisoned for an indeterminate term in the state prison without provision for medical treatment. Compare this to the broad, humanitarian base of the provisions dealing with those whose mental disorder is associated with propensities toward sexual offenses. For example, one with a 4-month history of aberrant sexual conduct may be declared a criminal sexual psychopath and placed in an appropriate institution until cured. Moreover, in § 8 of the act (CLS 1961, § 780.508 [Stat Ann 1954 Rev § 28.967 (8)]), it is provided that such criminal sexual psychopathic person may not thereafter be prosecuted or sentenced for the offense for which he originally stood accused.

The methodology and treatment of "psychopathic" and "delinquent" persons are at such opposite ends of the spectrum that we cannot deem the provisions to be purporting to deal with the same person. We, therefore, construe the meaning of sexually delinquent persons as excluding those persons who suffer from a mental disorder which disorder is coupled with a propensity to the commission of sexual offenses. By necessary implication then, a sexually delinquent person is one whose sexual conduct is not coupled with or due to a mental disorder. This

is why, as stated earlier, we perceive the *Robinson* argument to be inapplicable.

The trial transcript reveals the following testimony of Dr. Kenneth Nickel, a psychiatrist called by the people, with respect to defendant Griffes:

"*Q.* Based upon your experience and training in the field of psychiatry is such behavior of the type that can be repetitive and compulsive and indicate a disregard of consequences or recognized rights of others?

"*A.* Yes, of all of the sexual deviations this and voyeurism, or the peeking or trying to observe other people in a state of undress, is one of the most notorious where its tendency is to be repetitive.

\* \* \*

"*Q.* Were you able to form an opinion whether Mr. Griffes is a sexually delinquent person within the meaning of that statute you have read to us?

"*A.* It is my belief that he is.

\* \* \*

"*Q.* Would it be correct to say that these acts are less voluntary on his part than the normal acts of any kind that all of us engage in?

"*A.* Yes, sir. This is not a voluntary thing. I would acknowledge that Mr. Griffes doesn't plan to do this. This happens to him in a state of accumulating sexual and attention-seeking tension.

"*Q.* Now, this thing which is defined in the statute as sexual delinquency or sexually delinquent person and which you find that he fits in under the compulsive or repetitive act part, could this be characterized as an illness?

"*A.* In psychiatric parlance we think it is. We call it a paraphilia, derived from the term 'para' meaning 'beyond or'—'philia' has to do with root love—beyond the normal love needs. And in our own circles there is some controversy as to whether this actually is an illness or whether this is a defect

in personality. I would safely state I think that most of my colleagues regard this not as an illness but a defect in personality.

"*Q.* How would you characterize his?

"*A.* That would be my declaration. I also would not regard this as a sickness, but rather that his innate personality is not sufficiently strong—to use that adjective—to repudiate these ideas or these sexual strivings. He does not have the will power —as we say, super-ego—the constraint that most of us can exercise.

\* \* \*

"*Q.* What is the prognosis for a man such as Mr. Griffes repeating this type of act if he is eventually given his freedom?

"*A.* I would unfortunately suspect that he might very well do so with the encroachment of arteriosclerosis within five or ten years, as in a normal aging process, it is conceivable that with the addition of some organic brain change on that account that this might become even more rampant."

To our minds, this testimony alone would command institution of appropriate procedures to determine whether defendant is a criminal sexual psychopath. *People* v. *Piasecki* (1952), 333 Mich 122; *In re Maddox* (1958), 351 Mich 358; *People* v. *Washer* (1958), 353 Mich 447. Griffes' history of offenses and prior convictions on similar charges distinguishes this case from *People* v. *Holnagel* (1963), 371 Mich 347.

The only remaining question is whether initiation of the criminal psychopath proceedings is a waivable right. More pointedly phrased the question is whether an accused suffering from a mental disorder may voluntarily incur punishment for acts due to his mental condition? We hold he may not. In *People* v. *Piasecki, supra,* p 147, the Court stated:

"As pointed out in *People* v. *Chapman* [ (1942), 301 Mich 584], such inquiry is not a criminal proceeding and the commitment to the State hospital commission is not a sentence. Rather the statute provides for the detention until cured of one afflicted with the mental disorder in question, which is deemed to be of such character as to render it necessary and expedient from the standpoint of the public welfare to place him in confinement. When it is found in the course of a criminal proceeding, at any time before sentence, that the accused is afflicted with such disorder, the legislative requirement is that he *may not be treated as a criminal*. Presumptively such finding is deemed to establish conclusively that the act for which the prosecution has been instituted was committed, if at all, by one of unsound mind who should be dealt with accordingly." (Emphasis supplied.)

Even aside from the mandatory language just underscored, the question of whether sick people are to be treated for their illness or punished for it, is a question which touches the very heart of judicial consciousness of a civilized system of jurisprudence. If, perchance, the parties or counsel fail to raise the matter our courts cannot close their eyes to so important a matter. Under facts such as indicated in the present case, the trial judge should have initiated criminal sexual psychopath proceedings on his own motion once the defendant was convicted of the offense charged. It is essential to the dignity of the jurisprudence of this State that we do not punish mental disorder.

Since the proceedings under the criminal sexual psychopath statute may be initiated at any time prior to sentencing (CLS 1961, § 780.503 [Stat Ann 1954 Rev § 28.967(3)]) the sentence entered is hereby

ordered vacated and the case remanded to the trial court for further proceedings consistent with this opinion.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.