PEOPLE v WINFORD

Docket No. 56983. Argued April 19, 1977 (Calendar No. 1).—Decided
    December 29, 1978.

    Leonard L. Winford was convicted by a jury in Calhoun Circuit
    Court, F. Jack Neller, J., of indecent exposure. He was then
    convicted by another jury, Creighton R. Coleman, J., of being a
    sexually delinquent person at the time of committing the
    indecent exposure. He was sentenced to one year on his convic-
    tion of indecent exposure on the original information and
    sentenced on the supplemental information as a sexually delin-
    quent person to serve not less than one day nor more than life.
    The Court of Appeals, T. M. Burns, P.J., and Quinn and
    O'Hara, JJ., reversed the conviction on the supplemental infor-
    mation and dismissed the charge of being a sexually delinquent
    person on the ground that that charge should have been
    brought against the defendant in the original information
    which charged him with the substantive offense (Docket No.
    19137). The parties appeal. The Supreme Court later granted
    the defendant leave, as amicus curiae, to address the question
    of the constitutionality of the statutes concerning sexually
    delinquent persons raised in *People v Helzer, post,* 404 Mich
    410 (1978). *Held:*

    1. The history of the sexual delinquency legislation clearly
    indicates the Legislature's intent to create a comprehensive,
    unified statutory scheme. It was enacted to provide an alter-
    nate sentence for certain specific sexual offenses where evi-
    dence appeared to justify a more flexible form of incarceration.

    2. The provision of the Code of Criminal Procedure concern-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 525-533.
    73 Am Jur 2d, Statutes § 309.
[2] 41 Am Jur 2d, Indictment and Information §§ 171-208.
    73 Am Jur 2d, Statutes §§ 22, 24.
[3] 21 Am Jur 2d, Criminal Law § 451.
    41 Am Jur 2d, Indictment and Information §§ 171-208.
[4] 16 Am Jur 2d, Constitutional Law § 552.
    21 Am Jur 2d, Criminal Law § 17.
    73 Am Jur 2d, Statutes § 346.

ing prosecution for sexual delinquency is a necessary part of the integrated statutory structure the Legislature enacted to resolve the problem of sexually delinquent persons. The use of the words "may also" charge sexual delinquency in the indictment simply refers to the discretion of the prosecutor before trial to simultaneously charge the principal offense and the sexual delinquency or to proceed solely with the principal offense. It does not permit the prosecutor to file a sexual delinquency charge after trial to supplement the principal charge.

3. No statutory authority exists allowing the prosecutor to file an amended information charging sexual delinquency after trial on the principal charge. Because of the possible initial uncertainty about lodging so serious a charge against a defendant, the indictment or information may be amended before trial. However, after trial on the principal offense begins, the prosecutor is held to waive any right to charge the defendant with sexual delinquency.

4. The procedure followed in this case violated the dictates of the statute. The supplemental information exposed the defendant unduly to the uncertainty and prejudice late charges can produce.

The defendant's conviction as a sexually delinquent person is reversed and that charge is dismissed.

Chief Justice Kavanagh dissented. He is convinced that the statute is unconstitutional as a denial of due process, because the definition of a "sexually delinquent person" is vague and provides inadequate warning of what acts will serve as a basis for that characterization. Because an unconstitutional statute needs no implementation, he would reverse and remand to the trial court for appropriate disposition.

Justice Coleman did not participate in the decision.

59 Mich App 404; 229 NW2d 474 (1975) affirmed.

OPINION OF THE COURT

1. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — STATUTES — LEGISLATIVE INTENT.

The history of the criminal sexual delinquency legislation clearly indicates the Legislature's intent to create a comprehensive, unified statutory scheme; it was enacted to provide an alternate sentence for certain specific sexual offenses where evidence appeared to justify a more flexible form of incarceration (MCL 750.10a, 767.61a; MSA 28.200[1], 28.1001[1]).

2. INDICTMENT AND INFORMATION — SEXUALLY DELINQUENT PERSONS
— STATUTES — WORDS AND PHRASES — "MAY" CHARGE —
DISTRICT AND PROSECUTING ATTORNEYS — DISCRETION.

The use of the words "may also" charge sexual delinquency in
the Code of Criminal Procedure simply refers to the discretion
of the prosecutor before trial to simultaneously charge the
principal offense and the sexual delinquency or to proceed
solely with the principal charge; it does not permit the prosecu-
tor to file a charge of sexual delinquency after trial to supple-
ment the principal charge (MCL 767.61a; MSA 28.1001[1]).

3. INDICTMENT AND INFORMATION — SEXUALLY DELINQUENT PERSONS
— AMENDMENT OF INFORMATION.

An indictment or information charging a defendant with commit-
ting a principal sexual offense may be amended before trial to
charge the defendant as a sexually delinquent person; however,
after trial on the principal offense begins, the prosecutor is held
to waive any right to charge defendant with sexual delinquency
(MCL 767.61a; MSA 28.1001[1]).

DISSENTING OPINION BY KAVANAGH, C.J.

4. CRIMINAL LAW — SEXUALLY DELINQUENT PERSONS — STATUTES —
DUE PROCESS.

*The statutory definition of a sexually delinquent person is uncon-
stitutional as a denial of due process because it is vague and
provides inadequate warning of what acts will serve as a basis
for that characterization; therefore the statute needs no proce-
dural implementation (US Const, Am XIV; Const 1963, art 1,
§ 17; MCL 750.10a; MSA 28.200[1]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John J. Rae* and *James Norlander,* Prosecuting Attorney, and *Keith D. Roberts,* Assistant Attorney General, for the people.

*Allen, Worth & Hatch* (by *E. Franklin Hill, Jr.)* for defendant.

BLAIR MOODY, JR., J. Leonard Winford was ini-
tially charged with indecent exposure in violation
of MCL 750.335a; MSA 28.567(1).[1] In the same

complaint, defendant was also charged with being a sexually delinquent person at the time of the offense. MCL 767.61a; MSA 28.1001(1).[2]

Before trial the sexual delinquency charge was deleted on the assumption that the charge might properly be brought after trial on the principal offense of indecent exposure. The examining magistrate bound the defendant over on indecent exposure but deferred to the prosecutor the decision whether to return an information or take further action relative to the question of sexual delinquency. On June 12, 1973, trial was held on the principal offense and defendant was convicted by a jury.[3]

---

[1] MCL 750.335a; MSA 28.567(1) reads as follows:

"Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding said offense shall be triable only in a court of record."

[2] MCL 767.61a; MSA 28.1001(1) specifies the following:

"In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. In the event the accused shall plead guilty to both charges in such indictment, the court in addition to the investigation provided for in section 35 of chapter 8 of this act, and before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense."

[3] Defendant does not question the propriety of his indecent expo-

On June 25, 1973, the prosecutor filed a supplemental information again charging defendant with being a sexually delinquent person. Defendant was tried by another jury separately empaneled to hear the sexual delinquency charge.[4] The jury found defendant guilty. On the basis of this conviction, the court sentenced defendant to serve not less than one day nor more than life imprisonment.[5]

Defendant appealed to the Court of Appeals, challenging the prosecutor's right to bring a charge of sexual delinquency subsequent to trial on the principal offense of indecent exposure. The Court of Appeals ruled that any charge of sexual delinquency must be brought in the original information charging indecent exposure. Consequently, because defendant was actually charged only after trial on the principal offense, the sexual delinquency proceeding against him was improper. The Court of Appeals therefore reversed defendant's

sure conviction. Therefore, this appeal is limited solely to the validity of defendant's sexual delinquency prosecution.

[4] Evidence of the following eight prior criminal convictions was introduced to support the charge of sexual delinquency:

1. Detroit, September 27, 1950, window peeping.
2. Los Angeles, April 4, 1952, rape.
3. Los Angeles, April 4, 1952, burglary.
4. Battle Creek, November 13, 1958, window peeping.
5. Battle Creek, December 15, 1961, assault with intent to rape.
6. Battle Creek, May 10, 1969, disorderly by obscene conduct.
7. Battle Creek, July 20, 1970, larceny.
8. Battle Creek, June 12, 1973, indecent exposure.

[5] On November 9, 1973, defendant was sentenced to one year in the Calhoun County jail as a result of the conviction of indecent exposure. Two days later, defendant was sentenced to an indeterminate prison term for the sexual delinquency conviction. This dual sentence was improper. We have characterized the indeterminate penalty for a sexual delinquency conviction as an *alternate* form of sentencing. See *People v Helzer, post,* 404 Mich 410; 273 NW2d 44 (1978). Consequently, defendant can be sentenced only once. If sexual delinquency is an included part of the prosecution on the principal offense, then no sentence should be pronounced until that matter is completely resolved.

sexual delinquency conviction and dismissed that charge. 59 Mich App 404; 229 NW2d 474 (1975). We granted leave to appeal. 395 Mich 824 (1976).

The question on appeal is whether in a case where defendant is convicted of the principal offense of indecent exposure under MCL 750.335a; MSA 28.567(1), the prosecutor possesses authority after trial to file a supplemental information charging sexual delinquency. We find no such authority and affirm the holding of the Court of Appeals. The charge of sexual delinquency must be dismissed. However, we do not fully agree with the reasoning employed to reach this result and so write to clarify our conclusion.

I

Defendant was convicted of indecent exposure. The statute defining this offense also provides the basis for charging defendant with being a sexually delinquent person at the time the offense was committed. MCL 750.335a; MSA 28.567(1) provides:

"Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding said offense shall be triable only in a court of record."

The history of sexual delinquency legislation clearly indicates the Legislature's intent to create a comprehensive, unified statutory scheme. This

legislation was enacted to provide an alternate sentence for certain specific sexual offenses where evidence appeared to justify a more flexible form of incarceration. See *People v Helzer, post,* 404 Mich 410; 273 NW2d 44 (1978).

To this end, the Legislature introduced language into several previously existing categories of sexual offenses to allow prosecution for sexual delinquency.[6] Additionally, sexual delinquency was included in the then-existing mental health code[7] and the Department of Corrections Act.[8]

To help implement these statutory changes, the Legislature also separately enacted a definitional[9] provision and a procedural provision as general guidelines in sexual delinquency prosecutions. The latter section which outlines the procedure to be used in such prosecutions is MCL 767.61a; MSA 28.1001(1):

"In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment *shall* charge the offense and *may also* charge that the defendant

---

[6] See the indecent liberties statute, MCL 750.336; MSA 28.568, the rape statute, MCL 750.520; MSA 28.788, the assault with intent to commit rape statute, MCL 750.85; MSA 28.280, the incest statute, MCL 750.333; MSA 28.565, the gross indecency statutes, MCL 750.338, 750.338a, 750.338b; MSA 28.570, 28.570(1), 28.570(2), and the sodomy statute, MCL 750.158; MSA 28.355.

[7] MCL 330.54; MSA 14.844.

[8] MCL 791.33a *et seq.;* MSA 28.2173(1) *et seq.*

[9] See MCL 750.10a; MSA 28.200(1), which reads:

"The term 'sexually delinquent person' when used in this act shall mean any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16."

was, at the time said offense was committed, a sexually delinquent person." (Emphasis added.)

The prosecutor relies upon the underscored language of the statute for authority to file a separate supplemental information charging sexual delinquency after conviction on the principal offense. The Court of Appeals rejected this analysis by concluding that this provision has no application to the procedure governing how the defendant is to be charged as a sexually delinquent person, and that MCL 750.335a; MSA 28.567(1), the section which defines the crime, is complete and self-sustaining. That court stated: "[t]he prosecutor can charge a person with indecent exposure or he can charge additionally that at the time of the offense the person was a sexually delinquent person. He cannot do both." We disagree with both analyses.

We find the procedure outlined in MCL 767.61a; MSA 28.1001(1) a necessary part of the integrated statutory structure the Legislature enacted to resolve the problem of sexually delinquent persons. This provision clearly complements and affects any such prosecution. Accordingly, we hold that this provision does not permit the prosecutor to file a sexual delinquency charge after trial to supplement the principal charge. However, it is within the prosecutor's discretion before trial to simultaneously charge the principal offense and the sexual delinquency claim or to proceed solely with the principal offense.

A reading of this procedural statute indicates that the indictment "shall" charge the principal sexual offense and "may also" charge sexual delinquency. In other words, the original charging instrument should "also" include any sexual delin-

quency claim that may be charged.[10] We are persuaded that use of the word "may" in the statute simply refers to the discretion of the prosecutor to bring or not to bring the added charge.[11] Consequently, no authority exists in this statutory provision, or in any other,[12] allowing the prosecutor to file an information subsequent to trial on the principal offense.

However, given the possible initial uncertainty about lodging so serious a charge against a defendant, we will allow amendment of the indictment or information prior to trial. Nevertheless, after trial on the principal offense begins, the prosecutor is held to waive any right to charge defendant with sexual delinquency. See *People v Helzer, supra.*

## II

The procedure followed in this case violated the dictates of MCL 767.61a; MSA 28.1001(1). The

[10] We have determined that a charge of sexual delinquency is totally dependent for its prosecution upon conviction of the principal offense. We have also held that the penalty for conviction of sexual delinquency represents an alternate form of sentencing. See *People v Helzer, supra.* Consequently, though we require the prosecutor to include the sexual delinquency charge either in the original charging document or by amendment of the indictment or information before trial begins, the magistrate at the preliminary examination need only find probable cause to bind defendant over on the principal offense. The magistrate need not find probable cause as to the sentencing provision charging sexual delinquency.

[11] Where the prosecutor decides to charge defendant in the original indictment or information with sexual delinquency, he should bring the misdemeanor prosecution on the principal offense of indecent exposure in circuit court under the statute providing concurrent jurisdiction with district court. See MCL 767.1; MSA 28.941. If the prosecutor initially charges only indecent exposure and before trial decides to amend and charge sexual delinquency as well, then the entire proceedings would be subject to transfer to circuit court at that time.

[12] Defendant argues that an analogy exists between the procedure specified to charge sexual delinquency and the procedure used to charge in habitual offender proceedings. We reject the argument for reasons stated elsewhere. See *People v Helzer, supra.*

supplemental information exposed the defendant unduly to the uncertainty and prejudice late charges can produce. The Court of Appeals is therefore affirmed in its reversal of defendant's conviction of sexual delinquency and its dismissal of that charge. We need not consider defendant's other claims of error.

Affirmed.

WILLIAMS, LEVIN, FITZGERALD, and RYAN, JJ., concurred with BLAIR MOODY, JR., J.

KAVANAGH, C.J. *(dissenting)*. I am convinced this statute is unconstitutional as a denial of due process. The definition of a "sexually delinquent person" found in MCL 750.10a; MSA 28.200(1) is vague, and provides inadequate warning of what acts will serve as a basis for that characterization. See *Papachristou v City of Jacksonville,* 405 US 156; 92 S Ct 839; 31 L Ed 2d 110 (1972).

Because an unconstitutional statute needs no procedural implementation, I would reverse and remand to the trial court for appropriate disposition.

COLEMAN, J., took no part in the decision of this case.