PEOPLE v ESPER

Docket No. 82691. Submitted October 9, 1985, at Lansing. Decided October 7, 1986. Leave to appeal applied for.

John A. Esper was charged in Oakland Circuit Court with indecent exposure and with being a sexually delinquent person at the time of that offense. Defendant pled guilty to the indecent exposure charge and moved to quash the sexual delinquency charge on constitutional grounds. The court, Robert C. Anderson, J., denied the motion. Defendant was then tried and found guilty of being a sexually delinquent person and sentenced to one year in the county jail. Defendant appealed from the sexual delinquency conviction.

The Court of Appeals *held*:

1. The sexual delinquency statute punishes a defendant for his acts, not his status as a sexual offender. Defendant's argument that the statute punishes him for his status as a sexual offender and that any punishment imposed because of that status is cruel and unusual punishment is rejected.

2. The trial court's jury instructions on the offense of being a sexually delinquent person were insufficient in that they left the jury free to decide, without any legally fixed standards, what is and what is not prohibited on a case-by-case basis. Defendant's conviction of being a sexually delinquent person must be reversed and the case remanded to allow the prosecutor, at his option, to retry defendant on the sexual delinquency charge or to have defendant sentenced on the underlying indecent exposure guilty plea.

3. In the event the prosecutor elects to retry the case, the trial court may admit evidence of any sexual acts defendant did

REFERENCES

Am Jur 2d, Constitutional Law § 459.

Am Jur 2d, Evidence §§ 273, 1175.

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

Am Jur 2d, Statutes § 346.

Supreme Court's views as to overbreadth of legislation in connection with First Amendment rights. 45 L Ed 2d 725.

See also the annotations in the Index to Annotations under Habitual Criminals and Subsequent Offenders.

within one week of his arrest for indecent exposure. Acts occurring within one week of a defendant's being charged with indecent exposure are relevant in determining whether the acts the defendant is charged with committing were characterized by repetitive and compulsive sexual behavior.

4. The trial court did not err in admitting evidence of eleven- and twelve-year-old convictions against defendant. The court gave a limiting instruction as to the use of the evidence of the convictions, i.e., to determine whether defendant should receive an enhanced sentence.

Reversed and remanded.

1. CRIMINAL LAW — INDECENT EXPOSURE — SEXUALLY DELINQUENT PERSONS — SENTENCING — ENHANCEMENT OF SENTENCES.

To enhance a defendant's sentence for indecent exposure because he is a sexual delinquent punishes him for his acts, not his status (MCL 750.10a, 750.335a, 767.61a; MSA 28.200[1], 28.567[1], 28.1001[1]).

2. STATUTES — CONSTITUTIONAL LAW — VAGUENESS.

A statute is unconstitutionally vague if: (1) it is overbroad, impinging on First Amendment freedoms, or (2) it does not provide fair notice of the conduct proscribed, or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the offense has been committed.

3. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Challenges to statutes on the grounds of vagueness which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

4. CRIMINAL LAW — INDECENT EXPOSURE — SEXUALLY DELINQUENT PERSONS — EVIDENCE — SUBSEQUENT ACTS.

Evidence of acts committed within one week of a defendant's having been charged with indecent exposure may be admitted at trial where the defendant is also charged with being a sexually delinquent person and the prosecution must demonstrate that the defendant's behavior at the time of the underlying indecent exposure charge was characterized by repetitive and compulsive sexual behavior.

5. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

The Michigan rule of evidence dealing with impeachment of a defendant by use of evidence of prior convictions does not apply to situations where the issue is whether a defendant should receive an enhanced sentence (MRE 609).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Lawson & Lawson, P.C.* (by *David M. Lawson*), for defendant on appeal.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

PER CURIAM. Defendant was charged with indecent exposure and with being a sexually delinquent person at the time of that offense, MCL 750.335a; MSA 28.567(1). Defendant pled guilty to indecent exposure. Thereafter, he moved to quash the sexual delinquency charge on constitutional grounds. The trial court denied defendant's motion. Following a jury trial, defendant was found to be a sexually delinquent person. The trial judge sentenced defendant to one year in the county jail. Defendant appeals as of right his conviction of sexual delinquency. We reverse and remand this case for a new trial or, in the alternative, to permit the prosecutor, at his option, to dismiss the sexual delinquency charge and allow the defendant to be resentenced on the underlying indecent exposure guilty plea.

Defendant argues that the sexual delinquency statute punishes him for his status as a sexual offender and that any punishment imposed because of that status is cruel and unusual punishment. US Const, Am VIII and Const 1963, art 1, § 16. See also *Robinson v California,* 370 US 660; 82 S Ct 1417; 8 L Ed 2d 758 (1962), reh den 371 US 905; 83 S Ct 202; 9 L Ed 2d 166 (1962).

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

MCL 750.335a; MSA 28.567(1) provides:

> Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record.

MCL 750.10a; MSA 28.200(1) provides:

> The term "sexually delinquent person" when used in this act shall mean any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

Defendant contends that these statutes, read together, punish him for having the status of a sexually delinquent person at the time of the indecent exposure. As noted above, defendant relies on *Robinson, supra.* In that case, the United States Supreme Court held that it was cruel and unusual for a defendant to be charged with the crime of being a narcotics addict. Although the Court implicitly approved of that portion of the statute which made use of narcotics a crime, the court held that a defendant could not be punished for having the status of being an addict.

In *Powell v Texas*, 392 US 514; 88 S Ct 2145; 20 L Ed 1254 (1968), reh den 393 US 898; 89 S Ct 65; 21 L Ed 2d 185 (1968), the Court held that its decision in *Robinson* would not be extended to a defendant who was prosecuted under a statute which prohibited public intoxication. The Court reasoned that the defendant in *Powell* was being punished for his acts (i.e., intoxication in a public place) rather than for his status (i.e., being an alcoholic).

This Court has already rejected a challenge to MCL 750.335a; MSA 28.567(1) on the basis of *Robinson, supra. People v Griffes*, 13 Mich App 299; 164 NW2d 426 (1968). In *Griffes*, the defendant claimed that the enhanced penalty for one who was a sexually delinquent person amounted to criminal punishment for a mental condition or status and, therefore, it was cruel and unusual. Construing the sexually delinquent person statute with the criminal sexual psychopath statute, MCL 780.501 *et seq.;* MSA 28.967(1) *et seq.,* which had been repealed by 1968 PA 143, this Court held that, because a sexual psychopath was a person who suffered from a mental disorder, a sexually delinquent person was not one whose sexual conduct was coupled with or due to a mental disorder. Hence this Court concluded *Robinson* was inapplicable.

We agree with the conclusion in *Griffes.* In *People v Helzer*, 404 Mich 410, 422; 273 NW2d 44 (1978), the Michigan Supreme Court noted that the sexual delinquency provision of the gross indecency between males statute, MCL 750.338; MSA 28.570, provided alternative sentencing for one who was sexually delinquent at the time of the offense. The Court further held that a defendant was entitled to have a separate jury consider the sexual delinquency charge, absent waiver of his

right to a jury trial. We note that defendant may raise an insanity defense at that time, MCL 768.20a-768.21a; MSA 28.1043(1)-28.1044(1), or may claim that he was mentally ill, MCL 768.36; MSA 28.1059.

These possibilities are provided for in MCL 767.61a; MSA 28.1001(1):

> In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. In the event the accused shall plead guilty to both charges in such indictment, the court in addition to the investigation provided for in section 35 of chapter 8 of this act [MCL 768.35; MSA 28.1058], and before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense.

This statute also protects a defendant who pleads guilty to being a sexually delinquent person.

Therefore, we hold that to enhance a defendant's sentence because he is a sexual delinquent

punishes him for his acts and not for his status. MCL 750.10a, 750.335a, and 767.61a; MSA 28.200(2), 28.567(1), and MSA 28.1001(1). *Powell, supra; Griffes, supra.* Hence the statute does not provide for cruel and unusual punishment.

Defendant further argues that the sexual delinquency statute, MCL 750.10a; MSA 28.200(1), quoted above, is unconstitutionally vague. A statute is unconstitutionally vague if: (1) it is overbroad, impinging on First Amendment freedoms; or (2) it does not provide fair notice of the conduct proscribed; or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the offense has been committed. *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980). Because defendant does not assert that his First Amendment rights were violated, the first prong of *Woll* is inapplicable. *People v Hayes,* 421 Mich 271, 283; 364 NW2d 635 (1984).

Moreover, vagueness challenges which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. *People v Howell,* 396 Mich 16, 21-22; 238 NW2d 148 (1976). The evidence introduced at defendant's trial included testimony of numerous instances and convictions for indecent exposure, a conviction for assault and battery (which resulted from defendant's act of pulling down a fifteen-year-old's halter top), a conviction for fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5), and a conviction for molesting a person (which resulted from defendant's act of pulling down a sixteen-year-old's tube top, exposing her breasts). Although we agree that the phrase "any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of oth-

ers," standing alone, fails to give adequate notice of the conduct proscribed, defendant cannot say that he was not forewarned that his acts were prohibited, either under the statute itself or by case law. See *People v Winford,* 404 Mich 400, 404, n 4; 273 NW2d 54 (1978); *Griffes, supra,* p 304. Hence defendant lacks standing to claim that the statute was vague as it applied to him. *Howell, supra,* pp 21-22.

However, defendant also claims that the same language which supports his vagueness claim vested unstructured discretion in the trier of fact to determine whether a crime had been committed. We agree because in this case the trial judge instructed the jury only that: "Any person whose sexual behavior is characterized by repetitive and compulsive acts, indicating a disregard of the consequences or the recognized rights of others is guilty of this offense [being a sexually delinquent person]." We believe this standard, like the common-sense-of-society standard discussed in *Howell,* leaves the jury free to decide, without any legally fixed standards, what is and what is not prohibited on a case-by-case basis. Nonetheless, we believe that the remaining language of the sexual delinquency statute when read in context with the aforementioned language provides sufficient notice of what types of acts are prohibited. Similarly, the charges for which the sexual delinquent may receive an enhanced sentence also provided standards by which defendant's conduct may be judged. See MCL 750.158, 750.335a, 750.338-750.338b; MSA 28.355, 28.567(1), 28.570-28.570(2). Hence, we find the trial court's jury instruction in this case was insufficient and we reverse defendant's conviction. We remand this case to allow the prosecutor, at his option, to retry defendant on the sexual delinquency charge or to have defen-

dant sentenced on the underlying indecent exposure guilty plea.

We reach defendant's remaining issues in the event the prosecutor elects to retry this case. Defendant claims that the trial court abused its discretion when it admitted evidence of acts which occurred subsequent to the underlying charge of indecent exposure to show that he was sexually delinquent at the time of that offense, MCL 750.335a; MSA 28.567(1). We believe that the trial court did not abuse its discretion when it admitted testimony about acts which occurred within one week of defendant's arrest on the underlying charge. MRE 404(b) allows evidence of other crimes, wrongs or acts, even if they occur subsequently, to be used to prove a defendant's intent, preparation, knowledge or system in doing an act, as opposed to his character. Here the state had to demonstrate that defendant's behavior *at the time of the underlying indecent exposure charge* was characterized by repetitive and compulsive sexual behavior. We hold that acts occurring within one week of such a charge are relevant in determining whether defendant's acts at that time were of such a nature. MRE 401. We further note the trial judge told the jury that it could only consider this subsequent acts evidence to determine defendant's sexual delinquency on the date of the underlying charge.

Finally, defendant claims the trial court abused its discretion when it admitted evidence of convictions which were eleven and twelve years old, citing MRE 609. We believe MRE 609 applies only to impeachment situations and not to a situation where the issue is whether a defendant should receive an enhanced sentence, as is the case here. *People v Taylor*, 422 Mich 407; 373 NW2d 579

(1985). Although we note that there were two four-year gaps between defendant's convictions (from 1975 to 1979 and from 1979 to 1983) we cannot say that the trial court abused its discretion in admitting evidence of defendant's earlier convictions when it gave a limiting instruction as to their use. *Id.*

Reversed and remanded for proceedings consistent with this opinion.