PEOPLE v MURPHY

Docket Nos. 141467, 145372. Submitted September 15, 1993, at Lansing. Decided February 22, 1994, at 9:40 A.M. Leave to appeal sought.

Timothy D. Murphy was convicted by a jury in the Saginaw Circuit Court of disorderly conduct and indecent exposure. The defendant, admitting prior multiple convictions and arrests for indecent exposure, also pleaded guilty of being a sexually delinquent person at the time of the present offenses. The court, Robert L. Kaczmarek, J., vacated the convictions of disorderly conduct and indecent exposure and sentenced the defendant for the sexual delinquency conviction to imprisonment of from one day to life, to be served consecutively to the sentence from which he was on parole at the time of the present offenses. The defendant appealed.

The Court of Appeals *held:*

1. The trial court properly considered the defendant's status as a sexually delinquent person in sentencing the defendant. Under the indecent exposure statute, MCL 750.335a; MSA 28.567(1), and the statutes governing sexually delinquent persons, MCL 750.10a; MSA 28.200(1) and MCL 767.61a; MSA 28.1001(1), a person who commits indecent exposure as a sexually delinquent person, defined in part as a person whose sexual behavior is characterized by repetitive or compulsive acts that indicate a disregard of consequences or the recognized rights of others, is subject to a mandatory penalty of imprisonment of from one day to life.

2. Consideration of the defendant's status as a sexually delinquent person did not criminalize that status, but was part of the assessment of his background for sentencing purposes.

3. The indecent exposure statute satisfies due process requirements in providing adequate notice that a person may be convicted under the statute as a sexually delinquent person and be subject to the mandatory sentence of imprisonment of from one day to life.

4. The statute that defines "sexually delinquent person," MCL 750.10a; MSA 28.200(1), is not unconstitutionally vague inasmuch as it provides fair notice of the conduct proscribed

and does not give the trier of fact unfettered discretion in determining whether an offense has been committed.

5. The defendant's conviction may be considered a felony because the mandated penalty of imprisonment has a maximum that exceeds one year. Consecutive sentencing is required under MCL 768.7a(2); MSA 28.1030(1)(2) because the defendant was on parole when he committed the offenses that resulted in the present conviction.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*James Edward Jacobs,* for the defendant on appeal.

Before: McDONALD, P.J., and SAWYER and MARILYN KELLY, JJ.

MARILYN KELLY, J. Defendant appeals as of right from his jury conviction for indecent exposure as a sexually delinquent person. MCL 750.335a; MSA 28.567(1), MCL 750.10a; MSA 28.200(1). The trial court sentenced him to one day to life in prison, as prescribed by the statute. On appeal, defendant attacks that portion of the indecent exposure statute under which he was sentenced. His claim is that the statute is constitutionally infirm, violates due process, denied him equal protection and constitutes an ex post facto law. He also argues that the crime of indecent exposure is not a felony and that his sentence for this offense cannot run consecutive to his sentence for a prior felony. We affirm the conviction and conclude that defendant's sentences are to run consecutively.

I

Defendant was arrested after he exhibited him-

self to a woman, clad only in tennis shoes and a shirt, while masturbating and peering into her apartment through an open sliding door. Defendant was charged with attempted breaking and entering with the intent to commit criminal sexual conduct, disorderly conduct-window peeping, indecent exposure and as a sexually delinquent person. MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287, MCL 750.167(1)(c); MSA 28.364(1)(c), MCL 750.335a; MSA 28.567(1), and MCL 750.10a; MSA 28.200(1). A jury convicted him of disorderly conduct-window peeping and indecent exposure. Defendant then pled guilty to being a sexually delinquent person. He admitted to having been convicted of indecent exposure four times and that similar charges had been dismissed on several occasions in exchange for plea agreements.

Following a post-trial defense motion, the trial judge vacated defendant's conviction for disorderly conduct-window peeping. Defendant moved to vacate his sentence of two years to life for the conviction as a sexually delinquent person. He argued that the statute requires he receive, instead, a sentence of one day to life. The trial court denied the motion. Defendant moved to vacate his indecent exposure conviction, arguing that his conviction as a sexually delinquent person was part of the same offense. The trial court vacated the indecent exposure conviction and sentence and resentenced defendant to one day to life in prison for his conviction under the sexually delinquent person statute.

## II

### A

Defendant does not contest his conviction as a sexually delinquent person. However, he argues

that the alternative sentencing provisions applicable to a sexually delinquent person should not have affected his sentence for the instant offense. Defendant claims that he should have been sentenced under the indecent exposure statute and a notation should have been placed on his criminal record that he was a sexually delinquent person. He contends that this designation may only be considered should he be charged with a sex offense in the future. We disagree.

Three statutory provisions must be reviewed to resolve the issue: the provision governing indecent exposure, the provision defining a sexually delinquent person and that governing prosecution and punishment for an offense committed by a sexually delinquent person. MCL 750.335a; MSA 28.567(1), MCL 750.10a; MSA 28.200(1), MCL 767.61a; MSA 28.1001(1).

The provision on indecent exposure states:

Any person who shall knowingly make any open or indecent exposure of his or her person or the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punished by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record. [MCL 750.335a; MSA 28.567(1).]

MCL 750.10a; MSA 28.200(1) provides:

The term "sexually delinquent person" when used in this act shall mean any person whose sexual behavior is characterized by repetitive or

compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

MCL 767.61a; MSA 28.1001(1) provides:

In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. In the event the accused shall plead guilty to both charges in such indictment, the court in addition to the investigation provided for in section 35 of chapter 8 of this act, and before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. . . . Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges, the court may impose any punishment provided by law for such offense.

Together, these statutes indicate that a person charged with indecent exposure may also be charged as a sexually delinquent person; his offense must have become repetitive or consist of compulsive acts which indicate a disregard of the consequences or of the recognized rights of others. MCL 750.10a; MSA 28.200(1).

In *People v Winford*,[1] our Supreme Court con-
cluded that a sexual delinquency charge must be
brought at the same time that a defendant is
charged with the principal offense. Concerned with
providing a defendant with adequate notice of the
alternate sentencing provisions, the Court rea-
soned:

> We find the procedure outlined in MCL 767.61a;
> MSA 28.1001(1) a necessary part of the integrated
> statutory structure the Legislature enacted to re-
> solve the problem of sexually delinquent persons.
> This provision clearly complements and affects any
> such prosecution. [*Id.*, 407.]

In *People v Helzer*,[2] our Supreme Court affirmed
a defendant's conviction for gross indecency but
reversed his subsequent conviction as a sexually
delinquent person. In its discussion on the interac-
tion of the various statutes at issue here, the Court
observed:

> Conviction of sexual delinquency can be ob-
> tained only in conjunction with conviction on the
> principal charge. Yet, sexual delinquency is a
> matter of sentencing, unrelated to proof of the
> principal charge. No additional element of "sexual
> delinquency" need be proven in order to convict on
> the principal charge.
> Accordingly, what activates the sexual delin-
> quency provision is proof of guilt of a principal
> criminal offense. However, coupled with this fact,
> the sexual delinquency hearing itself must prove
> that defendant has committed "repetitive or com-
> pulsive *acts* which indicate a disregard of conse-
> quences or the recognized rights of others". . . .
> [*Id.*, 417-418. Emphasis in original.]

---

[1] *People v Winford,* 404 Mich 400, 407; 273 NW2d 54 (1978).

[2] *People v Helzer,* 404 Mich 410; 273 NW2d 44 (1978).

Any competent testimony which might aid in the determination of defendant's condition at the time the principal offense occurred was also permitted. *Id.,* 419, n 14. The Court emphasized that alternate sentencing provisions, tied to the larger statutory scheme, guided sentencing of a person found to be sexually delinquent. *Id.,* 419.[3]

In both *Winford* and *Helzer,* sentencing on the principal offense was deferred until after a determination had been made on the sexually delinquent person charge. This practice comports with the characterization of the sexually delinquent person statute as part of an integrated statutory scheme enacted to resolve the problem of sentencing/treating sexually delinquent persons. *Winford,* 407. Furthermore, the language of the indecent exposure statute contains the phrase "if a person was a sexually delinquent person." This requires retrospective analysis of defendant's condition at the time of the principal offenses to determine the correct method of sentencing; it does not appear to require prior adjudication of the question. MCL 750.335a; MSA 28.567(1).

Thus, MCL 750.335a; MSA 28.567(1), MCL 750.10a; MSA 28.200(1), and MCL 767.61a; MSA 28.1001(1) set out a method to determine a defendant's mental state at the time of the principal offense. The Legislature intended to address the problem of sentencing people who exhibit the behaviors described in MCL 750.10a; MSA 28.200(1). The process it designed permits a trial judge to fashion a sentence consistent with a defendant's condition at the time he committed the principal

---

[3] It seems clear that these sentencing provisions were initially designed to be rehabilitative rather than punitive. However, the Court in *Helzer* recognized that the focus had shifted until treatment for the sexually delinquent was limited to that available to· the general prison population. *Id.,* 422.

offense. The statutes were construed in this manner in *Helzer* and *Winford.*

Similarly, in this case, defendant's conviction as a sexually delinquent person activated the alternate sentencing provisions; they instructed the judge that the Legislature considered one day to life to be the correct sentence for the principal offense.

II

B

Defendant further contends that conviction as a sexually delinquent person criminalizes his status as a sex offender. He draws analogies to being convicted as a gangster or a drug addict. *Lanzetta v New Jersey,* 306 US 451; 59 S Ct 618; 83 L Ed 888 (1939); *Robinson v California,* 370 US 660; 82 S Ct 1417; 8 L Ed 2d 758 (1962). A more accurate characterization is that, when sentence is imposed, the statute requires that a defendant's status be considered. This Court considered a similar claim in *People v Esper,* 155 Mich App 278; 399 NW2d 497 (1986), rev'd on other grounds 429 Mich 859 (1987). It concluded that enhancing a defendant's sentence because he was a sexually delinquent person at the time he committed the principal offense punished him for his acts, not his status. *Esper* relied on the analysis in *Powell v Texas,* 392 US 514; 88 S Ct 2145; 20 L Ed 2d 1254 (1968), and *People v Griffes,* 13 Mich App 299; 164 NW2d 426 (1968).

Normally, the court is given broad discretion to consider the offense and the background of the offender in order to fashion a proportionate sentence. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). However, in this instance, the Legislature has set by statute the sentence which

it believes reflects the seriousness of the crime and the background of the defendant.

If defendant had not pled guilty, the judge would have been entitled to consider his criminal record and other information to determine if he fit within the definition in MCL 750.10a; MSA 28.200(1). The underlying or principal offense has been considered of paramount importance.

> Proof of the sexual delinquency charge may involve more than the simple ministerial considerations of proving prior convictions. Although prior convictions may form the basis for a guilty verdict, sexual delinquency is not explicitly dependent upon any prior conviction except the principal charge. [*People v Oswald (After Remand)*, 188 Mich App 1, 11; 469 NW2d 306 (1991).]

Since the focus of a conviction as a sexually delinquent person is the principal offense, we conclude that defendant was convicted for his acts and not for his status. Defendant was not sentenced because he was a sexually delinquent person; he was sentenced because he had been convicted of indecent exposure. Because of his background, past convictions and other contact with the police, he was subject to the alternate sentencing provisions created by the Legislature.

## II

### C

Defendant also contends that the indecent exposure statute violates due process. He claims that it fails to give adequate notice that, if convicted again, a party may be sentenced as a sexually delinquent person based on his history. He alleges that the statute fails adequately to specify the vintage or quantum of evidence required to permit

a party to be convicted as a sexually delinquent person. *Helzer, Winford* and *Esper* make clear that, although his history can be considered in determining if a party is sexually delinquent, the primary consideration is the principal offense. We find that defendant's act of masturbating while nearly naked before a stranger's glass patio door showed a disregard for the rights of others and for the consequences of his actions. His prior convictions for similar offenses indicate that the behavior was both compulsive and repetitive. Both his behavior and his previous contacts with the law gave him adequate notice that he might be subjected to alternate sentencing provisions if charged with such an offense again. We find no due process violation.

## III

Defendant's claim that the statute is unconstitutionally vague fails as well. A statute is unconstitutionally vague if 1) it is overbroad, impinging on First Amendment freedoms, or 2) it does not provide fair notice of the conduct proscribed, or 3) it is so indefinite that it confers unstructured or unlimited discretion on the trier of fact to determine whether the offense has been committed. *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980), *On Remand,* 116 Mich App 791; 323 NW2d 560 (1982).

Defendant's question whether First Amendment freedoms are implicated here is without merit. He does not allege that the sexual conduct of which he was accused is constitutionally protected or that the statutes cover conduct which the state cannot constitutionally proscribe. *People v Howell,* 396 Mich 16, 20-21; 238 NW2d 148 (1976). We conclude that First Amendment freedoms are not implicated.

We examine vagueness challenges which do not involve First Amendment freedoms by applying the statute to the facts of the case. *Esper,* 284. We determine if the statute provided fair notice of the proscribed conduct and whether the trier of fact was given unlimited discretion to decide if an offense had been committed. See also *People v Austin,* 185 Mich App 334, 338-339; 460 NW2d 607 (1990).

The sexually delinquent person statute clearly states that compulsive, repetitive sexual conduct heedless of the consequences or the rights of others will subject a guilty party to alternate sentencing provisions. Defendant's prior contact with the law for offenses similar to the instant offense provided him with adequate notice that he could be subject to the sexually delinquent person sentencing provisions.

The trier of fact is not given unfettered and unlimited discretion to determine if an offense has been committed. One must look primarily to the principal offense to determine if the party was sexually delinquent. That charge is resolved in a separate adjudication, before the sexually delinquent person charge can be resolved. The behavior which is the basis for the underlying charged offense must also satisfy MCL 750.10a; MSA 28.200(1). This procedure insures that the judge is not given unlimited discretion to determine if an offense has been committed.

IV

We find no error in the imposition of consecutive sentences. This offense should be considered a felony. An offense is a felony if the maximum sentence is more than one year or if the law

designates it as a felony. MCL 750.7; MSA 28.197, MCL 761.1(1)(g); MSA 28.843(1)(g), *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983). The statute on indecent exposure provides for a mandatory prison sentence of one day to life for a sexually delinquent person. This is more than a sentencing enhancement provision; it is an alternate sentencing provision tied to a larger statutory scheme. *Helzer, supra; People v Kelly,* 186 Mich App 524, 528; 465 NW2d 569 (1990).

Furthermore, in *Helzer,* 424, the Court concluded that defendant was entitled to the number of peremptory challenges provided to a party accused of a capital crime at that time. Charges of sexual delinquency are tried in circuit court which has exclusive jurisdiction to try felonies. *People v Curtis,* 42 Mich App 652, 655; 202 NW2d 539 (1972), rev'd in part on other grounds 389 Mich 698; 209 NW2d 243 (1973). Together, these factors also lead to the conclusion that this offense is a felony rather than a quasi-civil commitment, as defendant contends. Since defendant was on parole at the time he committed the underlying offense, the trial court was obligated to impose consecutive sentences. MCL 768.7a(2); MSA 28.1030(1)(2).

We affirm defendant's conviction and sentence and conclude that a consecutive sentence was proper.